277 So.2d 896

Lawrence **CARTER**

v.

The **STATE** of Alabama.

SC 355.

Supreme Court of Alabama.

May 17, 1973.

William J. Baxley, Atty. Gen., and George White, Sp. Asst. Atty. Gen., for the State.

Marlin M. Mooneyham, Montgomery, for appellant.

FAULKNER, Justice.

Lawrence Ray Carter pled guilty to kidnapping James O. McGhee. The details of the crime do not appear of record. Carter was sentenced to five years in the penitentiary. He appealed to the Alabama Court of Criminal Appeals, and the appeal was thereafter transferred to this Court.

Our inquiry focuses upon whether the appellant's guilty plea was "intelligent and voluntary," as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). Appellant argues that he was not advised on the record what the minimum and maximum punishments for his offense would be.

With relation to the issue of prospective punishment, the record discloses the following dialogue in open court:

"DISTRICT ATTORNEY: And he [defense counsel] explained it to you thoroughly and you thoroughly understand what you are charged with and the *penalties involved* and the elements of the crime. (Emphasis supplied.)

"THE DEFENDANT: Yes, sir."

*Boykin*, supra, does not specifically posit revelation of the maximum and minimum punishment as a necessary element of an "intelligent and voluntary" guilty plea. Justice Douglas speaks only of making sure the defendant understands the "consequence" of his plea. 395 U.S. at 244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280. A footnote cites with approval a Pennsylvania state case requiring explanation of the "permissible range of sentences."

Subsequent to *Boykin*, supra, it has become established that the defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea. Jones v. State, 48 Ala.App. 32, 261 So.2d 451 (1972); Spidell v. State, 48 Ala.App. 24, 261 So.2d 443 (1972); People v. Ingeneri, 7 Ill.App.3d 809, 288 N.E.2d 550 (1972); People v. Buck, 7 Ill.App.3d 758, 288 N.E.2d 548 (1972); United States ex rel. Hill v. United States, 452 F.2d 664 (5th Cir. 1971); Cooper v. State, 47 Ala. App. 178, 252 So.2d 104 (1971).

In light of this background, the precise issue in this case is whether the defendant's statement that he knew the "penalties involved" is effective when the exact nature of those penalties (2–10 years in the penitentiary) was not stated on the face of the record.

We think appellant's argument is well taken. The "utmost solicitude" re-

quired by *Boykin*, supra, requires a showing not only that the defendant believed he knew the range of punishment, but that his belief was accurate. The better practice is to elicit the maximum and minimum sentences from the defendant himself, so that his knowledge thereof appears on the face of the record. See Jones v. State, supra.

The abuse to which disregard of this rule can lead is well-illustrated in this case. We find the following colloquy relating to the defendant's alleged crime, carrying a 2–10 year sentence:

"THE COURT: Well, one other thing, you knew that under these circumstances that the jury might have suggested that you be put in the electric chair, didn't you?

"THE DEFENDANT: Yes, sir."

Defendant, despite his statement, obviously did not know what the possible range of sentence was. Thus we see that the requirements of *Boykin*, supra, rather than being mere technicalities, are protective of substantial rights.

We hold that a defendant, prior to pleading guilty, must be advised on the record of the maximum and minimum potential punishment for his crime.

Appellee argues that the judgment entry shows that the defendant understood the "range of the sentence." This entry clearly refers to the answer of the defendant that he understood the "penalties involved," discussed supra, and is no evidence of any further explanation of rights in the case.

The judgment of conviction and sentence are reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.