282 So.2d 106

**Bill WEBSTER**

v.

**STATE.**

**8 Div. 296.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

———◆———

No brief for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Selling Marijuana: sentence, three years.

Defendant appeared before the circuit court of Madison County with his attorney and an assistant district attorney and filed written "Request to enter Guilty Plea," signed by defendant and his attorney, to two indictments, both charging him with the sale of marijuana. This *"Request"* fulfills all of the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and the subsequent decisions that are set out in Carter v. State, (1973), 291 Ala. 83, 277 So.2d 896, as being necessary to reflect that the guilty pleas were "intelligent and voluntary." The Court accepted his pleas and adjudged him guilty in both cases.

He was subsequently granted probation in one case and sentenced to serve three years in this case without probation from which he appealed.

The court reporter's notes reflecting the colloquy were never found. However, on motions by the State to correct the record and to amend the judgment entry, a hearing was had. The attorney who represented the defendant when the guilty pleas were taken and a former assistant district attorney who had been present testified that the defendant's attorney filled out the form "Request to Enter Plea" in the court room; both the defendant and his attorney signed it and it was presented to the judge; a court reporter was present but no witness was sure which reporter was there.

Both attorneys testified that the judge took the form and questioned the defendant for 30 to 35 minutes as to his understanding of what he was doing.

The hearing was before the same judge who accepted the guilty plea. The defendant, attended by counsel, was at this hearing and made no denial either that the colloquy took place or that he fully understood the constitutional rights that he waived by his guilty plea.

The record as amended contains ample evidence that the guilty plea was intelligently and voluntarily made. On authority of Ireland v. State, 47 Ala.App. 65, 250 So.2d 602, the judgment below is

Affirmed.

All the Judges concur.