TYSON, Judge.
James Evie Young was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the trial judge set sentence at 20 years imprisonment in the penitentiary.
The victim in this ease testified that she was at her home on the evening of November 16, 1983, when she heard her doorbell ring. When the victim opened the door she saw her neighbor, this appellant, standing there. He asked her permission to use the telephone and she agreed. Once inside, the appellant tied her up, threatened her and then raped her. The victim called her sister after the appellant left. The victim’s sister then called the police and took the victim to the hospital.
The appellant admits being at the victim’s house on the evening in question but denies that he raped her. He testified he had gone there to use her telephone and to ask her to buy a raffle ticket.
I
The appellant’s first alleged error pertains to the sentencing hearing. Following the appellant’s adjudication of guilt, the following took place:
“THE COURT: The sequel to this adjudication of guilt will be a sentencing hearing. The new Code, the 1980 Code, provides that you have to have a pre-sen-tence report, which is a wise thing to do. This man’s background will be investigated and I will learn more about him than you know and that I know at this point. And his sentence, which will be in the range from ten to life or ninety-nine years, will be meted out not only with reference to the nature of the offense that was committed, but with reference to his background, and so forth.”

“THE COURT: Does anyone want a pre-sentence report? To be perfectly honest with you, I am going to give him life or something real strong, without one.
“MR. STOVALL: Sure, under that statement.
“THE COURT: Because the facts are so bad, but if you — I don’t want to slip up on you—
*1141 “MR. STOVALL: If you are going to give him life it can’t hurt to have a pre-sentence report.
“THE COURT: That’s right. I don’t hear many cases involving ropes and knives and hammers, slapping folks around. So, it wouldn’t hurt you to have one.
“MR. STOVALL: That is true.” (R. 133-134).
The appellant, citing § 13A-5-5, Code of Alabama 1975, now claims that the trial judge erred by failing to mention the fact that he had considered the presentence report during this sentence hearing. This argument is without merit for two reasons.
First, the appellant failed to object-to this matter during the sentencing hearing and, thus, has failed to preserve this issue for our review. Smith v. State, 409 So.2d 455 (Ala.Crim.App.1981).
Secondly, there is nothing in the language of § 13A-5-5, Code of Alabama 1975 which states that a trial judge must declare on the record that he has considered the presentence report requested by one of the parties.
The fact that it was the trial judge who suggested a presentence report combined with the fact that he imposed a much lighter sentence than his initial intention, indicates that the trial judge did consider the presentence report before he imposed this sentence (20 years) on the appellant. Therefore there is no error to reversal on this issue.
II
The appellant’s contention that the State was allowed to offer improper rebuttal witnesses is without merit. The two rebuttal witnesses’ testimony did rebut certain testimony of defense witnesses. Furthermore, this matter is largely within the sound discretion of the trial judge. McBryar v. State, 368 So.2d 568, writ denied, 368 So.2d 575 (Ala.1979). Veith v. State, 48 Ala.App. 688, 267 So.2d 480 (1972). There is no such abuse here shown.
This record is free of error and the judgment is affirmed.
AFFIRMED.
All the Judges concur.