Brenda Joyce Sheppard appeals from her conviction of burglary in the third degree and sentence of 15 years' imprisonment as a result of a guilty plea proceeding.
Two issues are raised on appeal. *Page 511 
The appellant raises the issue of whether or not the charge against this appellant was amended without her consent from theft in the third degree to burglary in the third degree and, secondly, whether or not the State offered proper proof of any prior felony convictions.
 I
With reference to the initial charge against this appellant, the record discloses that there were two charges made. The cases were in Bibb County, numbers CC-85-35 and CC-85-36. The district court affidavit in the case at bar recites that:
 "Brenda Joyce Sheppard, whose name is otherwise unknown to affiant, did intentionally receive, retain, or dispose of stolen property, to-wit: One 16 gauge shotgun, the property of Raymond Underwood, of the value in excess of $100 but less than $1,000, knowing that it was stolen or having reasonable grounds to believe it had been stolen and not having the intent to restore it to its owner, in violation of § 13A-8-18, of the Code of Alabama."
This affidavit is properly signed before a magistrate.
However, the indictment in the case charges burglarly in the third degree in case number CC-85-36 which is the charge to which the appellant entered the plea of guilty in this cause. The indictment in the case reads as follows:
 "The Grand Jury of said County charge that before the finding of the indictment of BRENDA JOYCE SHEPPARD whose name is otherwise unknown to the Grand Jury other than as stated, did knowingly enter or remain unlawfully in a building of Raymond Underwood with the intent to commit a crime therein, to-wit: Theft, in violation of Section 13A-7-7 of the Code of Alabama." (R. 11).
The statute at issue § 13A-7-7, Code of Alabama 1975, as amended 1979 reads as follows:
 "(a) A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.
 "(b) Burglary in the third degree is a Class C felony. (Acts 1977, No. 607, p. 812, § 2612; Acts 1979, No. 79-471, p. 862 § 1.)"
Moreover, the "Ireland Form" in this record, see Ireland v.State, 47 Ala. App. 65, 250 So.2d 602 (Ala.Crim.App. 1971), indicates that the case in which the appellant pled guilty, Bibb County number CC 85-36, shows that she was charged with burglary in the third degree and that the punishment would be from 15 years to no more than life. This was executed by her on June 3, 1985 with her attorney also executing same on this date and presented to the court and accepted by Judge Norton on June 4, 1985. It is true that at arraignment, and the minute entry also reflects, that there were two charges against the appellant. One charge was for burglary in the second degree and a second case of referring to CC 85-36 as theft in the third degree. The appellant, however, on this date, April 26, 1985, entered a not guilty plea.
Because of the allegation made, the plea of guilt hearing and sentencing which took place on June 4, 1985 is hereinafter quoted:
"June 4, 1985
"(Plea of Guilt and Sentencing)
"THE COURT: This is Mrs. Sheppard?
"THE DEFENDANT: Yes, sir.
 "THE COURT: I'm going to write your name up here at the top.
 "MR. GREEN: I'm sorry, Judge; I neglected to do that yesterday
 "THE COURT: Mrs. Sheppard, you have previously entered a plea of not guilty in the case of burglary in the third degree and you have indicated you want to change that to a plea of guilty. Before I can accept the guilty plea, I want to be sure that you know what your rights are. Do you know what burglary means?
"THE DEFENDANT: Yes, sir.
 "THE COURT: You understand should you be found guilty of that *Page 512 
charge that the law says that you could be sentenced to the penitentiary from 15 years to life. And I assume there are some prior felonies?
 "MR. GREEN: Yes, sir, Your Honor. That's under habitual offender.
 "THE COURT: And that would be the sentence range in the case should you be found guilty; you understand that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: There's a printed form that has your signature and your lawyer's signature on it. Have you read this form and gone over it with your lawyer?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Do you understand your constitutional rights as they are explained in the form?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Do you understand that should you plead guilty that you waive or give up your right to trial by jury, your privilege not to be compelled to give evidence against yourself, the presumption of innocence that would follow you throughout the course of a trial until the evidence produced by the state convinced each and every juror beyond a reasonable doubt and to a moral certainty of your guilt, the right to call any witnesses you may want to call, and cross examine any witnesses called by the state, everything that is involved in a trial by jury you waive or give up. And more specifically I want to be sure you understand your right to remain silent and your privilege not to be compelled to give evidence against yourself; do you understand that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Tell me what you did here; what happened in this burglary charge? What happened?
"THE DEFENDANT: Excuse me?
 "THE COURT: In this charge against you, tell me what it is that you did.
 "THE DEFENDANT: I told him it was in there and I was there when he got it.
"THE COURT: You were there when who got what?
"THE DEFENDANT: When Jackie got the shotgun.
"THE COURT: Where did he get it?
"THE DEFENDANT: Out from under the bed.
"THE COURT: And that was in someone else's house?
"THE DEFENDANT: Yes.
"THE COURT: And you were there?
 "THE DEFENDANT: No, I was out there in the yard by the house. He was the one that went in. I didn't go in.
"THE COURT: The two of you went there together?
"THE DEFENDANT: Yes, sir.
"THE COURT: To get something out of the house?
"THE DEFENDANT: Yes, sir.
"THE COURT: And was that here in Bibb County?
"THE DEFENDANT: Yes.
 "THE COURT: Do you feel like you have had enough time and sufficient opportunity to discuss your case with your lawyer?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Are you satisfied with your lawyer's services and advice?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Do you concur in your client's plea of guilt?
"MR. GREEN: Yes, Your Honor.
 "THE COURT: Do you have any question you want to ask your lawyer, the district attorney or the court?
 "THE DEFENDANT: No, sir, no more than I would like to say, you know, I just got out of Tutwiler and I would appreciate it if you would give me a chance, you know. Don't sentence me back to Tutwiler. Give me a chance to stay out in the free world. I have done wrong and all but I have been there and I think I have learned my lesson. *Page 513 
 "THE COURT: All right. I want to advise you, you have a right to withdraw this plea and enter a plea of not guilty and have a trial by jury if that's what you should want to do. Do you understand that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Okay. To the charge of burglary in the third degree, how do you plead?
"THE DEFENDANT: Guilty.
 "THE COURT: I accept your plea of guilty and adjudge you to be guilty and determine that you have voluntarily and intelligently waived your right to a jury trial and enter this plea in the case.
"Anything from the state?
 "MR. MURPHY: Judge, the original charge in CC-85-36 was theft third. The state had moved to amend the charge to burglary third degree rather than theft after looking at the facts of the case. Upon Mrs. Sheppard entering a plea, we would make a recommendation to the Court of 15 years; however, she knew she would be pleading blind. And we also move to dismiss CC-85-35 upon her entering a plea to 85-36.
"THE COURT: Anything else from you, sir?
 "MR. GREEN: No, Your Honor, just that the priors that she has all occurred right at the same time. They were involving some calls or long distance calls she made. She has never been in trouble of a violent nature, anything of that sort. I think the minimum sentence would be appropriate in the case since it is so stiff.
 "THE COURT: Okay. As punishment for the offense charge in the case I sentence you to the penitentiary for the minimum sentence that I can sentence you in the case and that's 15 years. You have a right to appeal that.
"MR. GREEN: Thank you, Judge.
 "(Whereupon all proceedings concluded this date.)" (R. 3-7).
We are of the opinion that the colloquy hereinabove quoted fully complies with the requirements of both Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the requirement of the Supreme Court of Alabama in Carter v. State,291 Ala. 83, 277 So.2d 896 (1973) requiring that the range of punishment showing the minimum and maximum must be explained at the time the guilty plea is accepted. These requirements were fully herein met.
Moreover, in examining this hearing and the colloquy hereinabove set forth, we are of the opinion that there was no amendment as herein argued by counsel for the appellant. The indictment itself, as above quoted, shows clearly that the charge against this appellant was burglary in the third degree, not theft in the third degree. Moreover, the "Ireland Form" which she executed after conferring with her attorney clearly shows that the charge was burglary in the third degree, the same as the charge laid in the indictment.
The trial judge further explained this to her at the time the plea of guilty was entered. We find no confusion about this at the hearing on June 4, 1985.
Whether or not there was some earlier confusion as to the nature of the charge against this appellant, all of this was corrected and explained at the sentencing hearing and which is quoted in this opinion for clarity. We are of the opinion that a valid plea of guilty was herein taken after full explanation of appellant's constitutional rights. We, therefore, find no error.
We do not believe that the charge was amended as argued by counsel for the appellant. Moreover, even if such could be construed as an "amendment", we believe that all of this was clarified by the action of the appellant and her counsel after the proper explanation by the trial judge at the hearing hereinabove quoted. This colloquy is quoted directly from the record and is set out in this opinion to eliminate any confusion on this issue.
 II
The appellant next argues that the State of Alabama failed to offer proper *Page 514 
proof of any prior felony convictions against this appellant as required by the Alabama Habitual Felony Offender Act.
The State of Alabama counters this argument by citing Burrellv. State, 429 So.2d 636 (Ala.Crim.App. 1982).
However, in Burrell the court asks the question of defense counsel, "Now, you understand that this man has three felony convictions already?", to which counsel replied, "Yes, sir". Such an admission was held to be a proper admission of the ingredients and the number of the prior convictions in that case.
A different situation arises in the case at bar. In referring to the colloquy at the guilty plea hearing and sentencing thereon, it is clear that no such inquiry was made nor was there any statement made by counsel for the State or the trial judge as to the number of convictions or as to the nature thereof.
In light of this, we have no alternative but to remand this cause for a new hearing on this issue. The trial court is directed to hold a new sentencing hearing with counsel present representing the appellant and allow the State to present proper proof as to any prior felony convictions. In light of this, we hereby remand this cause with directions for a new sentencing hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND