TYSON, Judge.
James Dean Brooks was charged by indictment with attempted rape of a female, contrary to the provisions of § 13A-6-61(a)(1), Code of Alabama 1975 as amended.
The appellant appeared at arraignment and entered a not guilty plea.
Thereafter, this cause came on for trial and, after striking the jury, negotiations were had between the State and the de: fendant under the terms of which appellant was allowed to enter a plea of guilty to the charge of assault in the third degree. The terms of a proposed settlement of the case were presented to the court under which the appellant was to enter a plea of guilty to assault in the third degree after withdrawing his not guilty plea and that he would be sentenced to 12 months’ imprisonment at hard labor in the county jail. He was to serve 8 months in the county jail and, further, that he would not have any further contact with the victim in the cause.
For the reasons hereinafter stated, this cause must be reversed and remanded for a new trial.
I
The record in this cause is totally void of a Boykin v. Alabama colloquy showing that the appellant’s rights were explained under Boykin, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which colloquy would establish that the appellant fully qn-dérstood the following rights: (1) His right against self-incrimination under the Fifth Amendment to the U.S. Constitution. (2) His right to trial, by a jury of his peers. (3) His right to confront the witnesses against him. (4) The right to subpoena witnesses and present same in his own behalf, and, (5) his right to take the stand and offer testimony in his own behalf should he desire to do so.
To these rights, the Alabama Supreme Court has determined in Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973), that the range of punishment for the offense at issue must be fully explained to the appellant and his full understanding thereof explained.
None of the above appears in the instant record. We distinguish this cause from Robinson v. State, 444 So.2d 885 (Ala.Cr. App.1983) in that the record in the instant cause, as noted above, is an incomplete record as distinguished from a totally silent record.
The attorney general has declined to file a brief in the cause.
For the reasons stated, this cause is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.