ON REMAND FROM ALABAMA SUPREME COURT
TYSON, Judge.
On January 19, 1990, this court affirmed the judgment in this cause, without opinion. 564 So.2d 114 (Ala.Crim.App.1990). On February 23, 1990, the application for rehearing was overruled.
Pursuant to a petition for writ of certiorari filed in the Supreme Court of Alabama, that honorable court did, on April 20, 1990, remand this cause to this court for further consideration in light of Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).
The appellant in this cause was convicted in circuit court, following his plea of guilty to first degree robbery, and was sentenced to 21 years’ imprisonment. He had initially been represented by counsel at arraignment and had entered a not guilty plea.
Following arraignment, pursuant to negotiations between appellant’s counsel and the district attorney’s office, the appellant entered a guilty plea. The record affirmatively reflects that his constitutional rights were explained to him pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and, further, a proper explanation of the range of punishment is shown in the record in accordance with Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
*101 Subsequently, a sentencing hearing was conducted. Judge Fielding, the trial judge, determined that it was not clear whether the appellant had been granted youthful offender status in Florida with reference to two prior felony convictions from that state. The cause was then continued and Judge Fielding simply did not use the two prior felony convictions from Florida in sentencing the appellant. The trial judge, after considering the appellant’s record, denied his request for probation.
There is in the record an “Ireland form”, (see Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), showing that the appellant’s constitutional rights were fully explained to him by both his attorney and the trial court.
Although he should have done so, in accordance with this court’s opinion in Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986), and Rule 20.2(a)(3), A.R.Crim.P. Temp., the appellant failed to file a motion in circuit court challenging his guilty plea.
Consistent with our prior action in this cause, we again determine that the appellant has failed to properly present the issue of the voluntariness of his guilty plea, due to a procedural waiver, because of his failure to challenge the matter at a subsequent hearing in the circuit court in accordance with the authorities herein cited.
For the foregoing reasons, this cause is affirmed based on procedural bar.
AFFIRMED, BASED ON PROCEDURAL BAR.
All the Judges concur.