ON RETURN TO REMAND
TYSON, Judge.
On June 15, 1990, 564 So.2d 1051, this court remanded this cause with directions for a hearing on the merits of the appellant’s allegations concerning the alleged ineffective assistance of counsel at the time of his original trial, and on which he entered pleas of guilty in four cases. The appellant’s second degree burglary and second degree rape cases had been set for trial. The appellant then withdrew the not guilty pleas and entered pleas of guilty in each of these cases on December 9, 1987. The record affirmatively reflects that the trial court thoroughly informed the appellant of his rights pursuant to the provisions of the opinion of the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and, in addition, as to range of punishment, pursuant to the opinion of the Alabama Supreme Court in Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
Moreover, as directed by this court in its opinion and order of June 15, 1990, Peterson v. State, 564 So.2d 1051 (Ala.Crim.App.1990), the circuit court has conducted an evidentiary hearing on the merits of the appellant’s allegation with reference to the alleged ineffective assistance of counsel. That court has now filed its return in this *161 court, under date of October 15, 1990. This court has now been advised that neither the appellant nor the State of Alabama, through the attorney general, desires to file briefs in the cause.
The trial court’s order denying relief is dated September 8, 1990, and reads as follows:
“In compliance with the remand order of the Alabama Court of Criminal Appeals, counsel was appointed to represent the petitioner and a full evidentiary hearing was held on the merits of the grounds relating to the petitioner’s allegation of ineffective assistance of counsel.
“In cases CC-87-301 and -302, the petitioner’s allegation that counsel was ineffective by failing to prepare for trial, failing to suppress the petitioner’s confession and failing to call witnesses is not supported by the evidence. The Court finds that counsel interviewed witnesses, examined the prosecution’s file, tried the preliminary hearing of this petitioner’s other charges and obtained an examination to evaluate petitioner’s current mental state and mental state at the time of the offense. Counsel objected to the admission of petitioner’s statement at trial and called the alibi witness requested by the petitioner. Alibi No. 2 raised at this hearing was not then conceived and was not presented to counsel. The Court advised the petitioner of his right to appeal and the Court finds that counsel did not advise him not to appeal but merely explained his available options.
“In cases CC-87-299 and -300 petitioner alleges that counsel was ineffective by inducing petitioner to plead guilty. In light of the evidence against the defendant including an identification by the victim who knew him and a confession coupled with a plea agreement that imposed no additional term of confinement to the sentence already received, it could be argued that counsel who did not encourage his client to plead would be ineffective. However, the evidence at this hearing and at the time of the plea was that the guilty plea was knowingly and voluntarily entered. The decision to plead guilty was that of petitioner. It is the judgment of the Court that the petitioner’s allegations are false. Petition is denied.
“A transcript of the evidence of this hearing and this order are to be filed expeditiously with the Alabama Court of Criminal Appeals.
“/s/ Dan Reynolds, Judge”
Having reviewed the record in this cause and the trial court’s order as hereinabove set forth, this court is of the opinion that this cause is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.