ON RETURN TO REMAND
TYSON, Judge.
On September 21, 1990, 570 So.2d 883, we directed the Circuit Court of Mobile County to amend its order denying relief in a Rule 20, A.R.Crim.P.Temp., petition to show the basis for denying relief pursuant to the provisions of Rule 20.2. The circuit court complied and filed its return in this court on October 30, 1990. Its order on remand reads as follows:
“IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
"Dell Fitzgerald McClinton
“Petitioner
“vs.
“STATE OF ALABAMA
“Respondent
*164 CC-88-1664.01
“ORDER
“This cause comes before the Court on petitioner’s Rule 20 petition for relief from conviction and sentence. “Defendant pleaded guilty in this case and failed to file any appeal from his guilty plea.
“Based on Rule 20.2(a)(5), this Rule 20 petition is precluded because petitioner’s claims could have been, but were not, raised on appeal.
“Though petitioner attempts to allege the exception to the Rule 20.2(a)(5) pre-clusions that this Court was without jurisdiction to render judgment or to impose sentence, such allegation is without factual support and is frivolous. This Court had jurisdiction to accept petitioner’s guilty plea and impose a ten year sentence.
“The Rule 20 petition is denied this 26th day of October, 1990.
“/s/ Telfair Mashburn
“Circuit Judge”
Our original opinion in this case, dated .September 21, 1990, determined that the circuit court had taken an intelligent and understanding plea of guilty, pursuant to the provisions of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973) (with reference to range of punishment).
We have carefully examined the record on remand and the return to remand. In examining both, we hereby determine that the circuit court properly denied relief on the petition, based on the authority of Rule 20.2(a)(5), because the petitioner’s claims could have been, but were not, raised on original appeal. Willis v. State, 500 So.2d 1324 (Ala.Crim.App.1986). (See also the provisions of Rule 20.2(a)(5) as noted in the order of the circuit court.)
Moreover, as noted in the circuit court’s order, the trial court conducted a full Boykin v. Alabama colloquy and fully explained the range of punishment. No effort was made either at trial or on appeal to question these matters. The subsequent allegations made in the Rule 20 petition are, as deemed by the circuit court, frivolous and without factual support.
As noted in the record, there is a proper “Ireland form”. See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
The trial court had full authority and jurisdiction to accept the petitioner’s plea of guilty and to impose the 10-year sentence.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.