ON RETURN TO REMAND
TYSON, Judge.
Pursuant to this court’s opinion of September 29, 1989, Smoot v. State, 555 So.2d 307 (Ala.Crim.App.1989), the Circuit Court of Montgomery County, Alabama, has conducted an evidentiary hearing on the merits of the appellant’s allegations with reference to the allegation of ineffective assistance of counsel and other allegations presented in a petition seeking post-conviction relief under Rule 20, A.R.Crim.P. Temp.
When the record first arrived and was filed in this court, the circuit court had denied the petition, but had not made specific findings on the merits of the allegations raised at the post-trial hearing in accordance with Rule 20.9(b), A.R.Crim.P. Temp. The cause was therefore remanded for such findings.
The circuit court has now complied and has entered its specific findings, which were filed in this court under date of September 20, 1990. That order reads as follows:
“IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA
“STATE OF ALABAMA
“vs.
“CHARLES SMOOT
CRIMINAL CASE NO. 86-1791-TH
FINDINGS OF FACT
“This matter comes before this Court on remand from the Alabama Court of Criminal Appeals. In accordance with instructions on remand, the Court hereby makes the following findings of fact regarding the following issues raised on Petitioner’s appeal:
“I. Whether defendant was denied effective assistance of counsel, and further whether the trial court committed reversible error, when defendant was not advised of his right to appeal by either counsel or court.
“This court, as a matter of course, orally advises each defendant who enters a plea of guilt of his right to appeal the case. However, the record of the plea colloquy is unclear on whether the petitioner was advised of this right. Therefore, out of an abundance of caution, this Court deems it appropriate and necessary for the petitioner to be allowed an out of time appeal.
“II. Whether defendant was denied effective assistance of counsel because of the trial counsel’s failure to properly object to the introduction of the tape recorded conversations admitted into evidence.
“The record of the evidentiary hearing clearly reflects that trial counsel did in fact file a motion to suppress the tape recorded conversations and the motion was denied by this Court. It is therefore this Court’s opinion that this contention is unfounded.
“HI. Whether the appellant was denied effective assistance of counsel because of trial counsel’s failure to call an alibi witness to testify.
“This Court is convinced, based on the testimony presented at the evidentiary hearing, that trial counsel made diligent efforts to secure the appearance of the alleged alibi witness. The record reflects that this witness stated *628 she had spoken with defendant’s attorney and that she had been subpoenaed to court on two separate occasions.
“It is hereby ORDERED, ADJUDGED and DECREED that petitioner be allowed an out of time appeal, and the forty-two day period to commence running on this date.
“Done this the 20th day of September, 1990.
“/s/ H. Randall Thomas “Circuit Judge”
The trial court directed that the complete transcript of the original proceedings involving this appellant be forwarded to this court for what was termed an out-of-time appeal. The transcript of the original proceeding shows, in fact, that the appellant had been appointed counsel, the Honorable Elno Smith, who represented the appellant at arraignment. The appellant had initially been charged with attempted • murder in one indictment and with intimidating a witness in a second indictment. Not guilty pleas were entered as to both charges. The cause then came on for trial after counsel had investigated the case and had filed a motion to suppress certain pretrial statements given by this appellant. The pretrial motions were duly overruled.
The State then began presenting its evidence and did, in fact, present a prima facie case. During a recess, the appellant’s counsel conferred with the appellant and relayed to him an offer made by the State which had not been made prior to trial, that it would accept a plea bargain arrangement whereby the appellant would enter pleas of guilty to assault with intent and intimidating a witness, with the sentences to run concurrently.
The appellant had an extensive conviction record, which was also made known to this appellant. The appellant’s counsel advised him that if he accepted the State’s plea bargain offer, he would get a life imprisonment sentence as opposed to life without parole, which he would get should he go to trial on the attempted murder charge and be found guilty by the jury. As noted, the trial had already commenced.
The appellant then conferred with his family and with counsel and agreed to accept the State’s offer. The record affirmatively shows that the appellant’s constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and also range of punishment, Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973), were fully explained to him. It was also explained to him that the effect of the plea bargain agreement was to allow the two life sentences to run concurrently.
The appellant fully accepted this offer, and the record affirmatively shows a proper colloquy explaining the constitutional rights above set forth.
While the appellant admits that his attorney explained to him that he had a right to appeal the guilty pleas, the question of appealing this settlement was not specifically mentioned to this appellant in the colloquy.
At the hearing on the post-trial motion, the appellant’s counsel stated that it was always the custom of the trial judge to state this orally before sentencing. The trial court’s order indicates that this was its custom and practice, that is, to orally inform each defendant who entered a plea of guilty that he had a right to appeal his case to this court.
Upon examination of the trial court’s findings and the testimony of the attorney who was present at the sentencing, this court is of the view that the appellant’s counsel advised the appellant of his right to appeal and that the appellant failed to do so.
It further appears from the record that this appellant’s constitutional rights were fully explained to him, as herein set forth. This was done both by his attorney and by the trial judge in this cause.
The trial judge’s findings with reference to the introduction of certain tape recordings was specifically made prior to trial ■through a pretrial motion to suppress. There were also proper objections made at the trial proceedings which preceded the guilty plea. The appellant’s allegations in this regard are totally without merit.
*629 Moreover, the record also shows that the appellant’s attorney had subpoenaed all witnesses who had been mentioned to him by the appellant and who were to offer alibi testimony. In fact, this had been done twice. These witnesses did appear and were present and available for trial. The record also discloses that these witnesses did not testify because the appellant, following the presentation of a prima facie case by the State, changed his mind and decided to enter a plea of guilty. This is affirmatively reflected by the record.
Having reviewed each allegation made by the appellant, we are of the opinion that the State properly presented a prima facie case against this appellant. We are further of the opinion that the record affirmatively reflects an intelligent and understanding plea of guilty in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that the appellant was fully informed as to the range of punishment. Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
This record reflects that the appellant did not make any effort to appeal his cause because of the intelligent plea of guilty, which was made after the State made him an offer which was less than life without parole. This choice was made by the appellant after conferring with his attorney and the court. In short, there is no merit to the appellant’s allegations.
We are, therefore, of the opinion that this case is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.