TYSON, Judge.
Isaiah Knight appeals from his conviction for unlawful possession of credit cards, being the property of Gayle Snuggs, which were found in his possession and control without the permission of the owner, ' contrary to the provisions of § 13A-9-14, Code of Alabama 1975, as amended.
After several pretrial motions, were entertained and considered by the court, appellant entered a plea of guilty and thereafter was sentenced to one year and a day in the penitentiary, was fined $500 and was ordered to pay $50 to the Crime Victims Compensation Fund.
I
Appellant’s counsel filed a pretrial motion to suppress, based on an alleged unlawful search and seizure. A hearing was conducted thereon, at which Dothan Police Sgt. Donald Hardin testified. Hardin stated that on July 21, 1989, he had received a dispatch, commonly known as a “BOLO,” to be on the lookout for a brown Toyota Célica automobile which was occupied by several black males. The males in this vehicle had been involved in an altercation at McRae Homes with reference to certain drugs and firearms. The BOLO contained the tag number of the vehicle. A *96 short time later, Sgt. Hardin located this vehicle on the Montgomery Highway, just south of Cherokee. He stopped the vehicle and began an investigation. There were three occupants of the vehicle. Hardin pointed out that two of the individuals had identification on them and one did not. It was this appellant that did not have identification.
Because of the possible danger for firearms, Hardin patted down each of the parties in the vehicle. In patting down this appellant, he noticed a large, bulky billfold in his rear pocket. As the appellant opened the pocket and pulled out the wallet, he started to take out what appeared to be some credit cards. Hardin then asked appellant to let him see the credit cards. He saw that there was a female’s name on the cards. The appellant stated that these were his “wife’s cards.” Hardin stated that the name “Gayle Snuggs” was on the cards and the cards had an address different than the one given by Knight. After further questioning, appellant stated his true name. He had given an incorrect name several times.
Sgt. Hardin turned the credit cards over to Lt. Williams of the Dothan Police Department, who then found out to whom the cards belonged.
We have carefully examined this record and the testimony shown therein. We are of the opinion that a proper Terry v. Ohio stop took place. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
It should be pointed out that, inasmuch as the officer was merely conducting some preliminary questioning, no “search” in the true sense of that term took place. The appellant volunteered the information within the wallet and showed the cards to the officer, who was simply asking for proper identification. See McElroy v. State, 469 So.2d 1337 (Ala.Crim.App.1985). We are clear to the conclusions that a proper stop under Terry v. Ohio is here present and that there was no unlawful searching of the appellant or seizing of the credit cards in this cause.
II
A thorough examination of this record firmly establishes that this appellant initially entered a not guilty plea at arraignment. Thereafter, pursuant to negotiations between appellant, his attorney, and the district attorney’s office, appellant appeared in open court, withdrew his not guilty plea and entered an intelligent and understanding plea of guilty, within the meaning of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and also, with reference to range of punishment under Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). Each of the appellant’s rights under the foregoing opinions was carefully explained to him and an intelligent and understanding plea of guilty was entered in this record.
It is true that a supplemental record was filed in this court showing the hearing on the initial motion to suppress. This had not been included when the record on appeal was first submitted.
The State argues by motion and in its brief that this matter of the motion to suppress should not be considered because it had not been properly preserved for appeal. The State points out that the burden of ensuring that a proper record is submitted on appeal is that of appellant and his attorney, citing Abbott v. State, 494 So.2d 789 (Ala.Crim.App.1986).
However, the record shows that a motion was filed with the trial court requesting permission to correct the record to show, that, in fact, this issue had been preserved. The trial court did enter its order, dated December 4, 1990, stating that this issue was preserved and that an order had been initially entered on August 23, 1990, to allow this question to be preserved. In view of this, we are of the opinion that, although the supplemental record was filed late, the record does reflect that the issue was preserved for this court’s review. See McLeod v. State, 545 So.2d 191 (Ala.Crim.App.1988).
We have carefully examined this record and all issues raised and are clear to the conclusion that this cause is due to be affirmed, as the appellant has received a *97 fair hearing in the trial court with reference to his contentions.
For the foregoing reasons, this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.