TYSON, Judge.
Robert Lee Williams has been granted a belated appeal by the Alabama appellate court in order to review a conviction based upon a guilty plea to a charge of escape in the second degree, which plea was entered in circuit court on November 16, 1987, before the Honorable Charles A. Thigpen, then circuit judge.
The record reflects an intelligent and understanding plea of guilty in accordance with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and as to range of punishment under Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). The appellant stated that he was satisfied with the services of his attorney and that he withdrew his original not guilty plea and entered a plea of guilty of escape in the second degree, a class C felony. The record also reflects that the court advised the appellant of the consequences of his plea and that he agreed that he would accept the consequences and consented to the amending of the indictment in open court. The charge of first degree escape and a second charge were nolprossed by the State, as part of the plea bargain agreement.
As a result, the appellant was sentenced to 15 years’ imprisonment to run concur *1003 rently with a sentence of 15 years’ imprisonment on an arson conviction in case no. CC-78-53, Perry Circuit Court, which sentence the appellant was serving at the time of his escape.
The record shows that this cause originally came to this court on a pro se petition requesting relief and also asking for bail. The appellant, because of his status as a prior habitual felony offender, was not eligible for bail. The cause was affirmed without opinion by this court on May 24, 1988, and thereafter, on June 28, 1988, the application for rehearing was overruled. The appellant then filed a petition for cer-tiorari in the Supreme Court of Alabama which initially granted the writ on August 17, 1988. On November 18, 1988, the Supreme Court of Alabama quashed the writ as having been improvidently granted. The appellant then filed a petition for cer-tiorari in the United States Supreme Court, which denied same on August 16, 1989.
The appellant filed a petition for habeas corpus in the United States District Court for the Southern District of Alabama. That court indicated that it would grant the habeas corpus petition unless the appellant was given a belated appeal. This court has now reviewed the entire record in the matter, including all the prior proceedings, and finds that the appellant was provided with the effective assistance of counsel at the time of his original plea bargain proceedings which culminated in the guilty plea in question. See Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The appellant’s counsel provided appellant with effective assistance by properly raising and briefing all pertinent issues. Counsel on this belated appeal has also briefed and argued all issues as required by law. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
It is clear that the State followed, and the trial court accepted, the plea bargain recommendation of the district attorney, and the plea entered in this cause was entered in accordance with this understanding. The appellant’s argument in brief from his counsel and in his pro se brief filed in this court indicates that the appellant believes that he was wrongfully convicted of an escape in the second degree because the indictment charged escape in the first degree. As herein noted, the indictment was amended in open court by agreement of the parties, including appellant and his counsel, at the time of his initial plea in circuit court. No error appears.
We have carefully examined this record and find that the same is due to be, and the judgment is hereby, affirmed.
AFFIRMED.
All the Judges concur.