ON RETURN TO REMAND
JAMES H. FAULKNER, Retired Justice.
This cause was remanded, 591 So.2d 158, to the circuit court of Bullock County for the trial court to state with particularity its reasons for denying Young’s Rule 20, A.R.Cr.P., petition. Ex parte Rice, 565 So.2d 606 (Ala.1990).
The trial court responded and filed its order in this court on December 20, 1991. The order provides:
“This case was submitted on the Petitioner’s Temporary Rule 20 Petition claiming that his conviction was obtained by a violation of the privilege against self incrimination and [that] he was denied effective assistance of counsel.
“The claims made by the Petitioner and the facts that the Court found are listed as follows:
“1. The Petitioner claims that he was not informed by the Court nor his attorney that by pleading guilty to the present charge that said conviction could be later used to enhance in any subsequent conviction. This Court knows of no requirement nor law that requires that the Habitual Offender Act be explained to a defendant while taking his guilty plea.
“2. The Defendant claims that he was never informed of his right to a presen-tence investigation by his attorney nor the Court. This sentence was a result of a plea bargain agreement so a presen-tence investigation was not necessary nor was it necessary to inform the defendant of the right to a presentence investigation.
“3. The Petitioner claims he was never informed of the elements of the crime for which he was charged. This Court during the taking of the guilty plea [asked] whether or not his attorney had read and explained to him the Code section under which he was being charged and if he understood said law. The defendant informed the Court that his attorney had read and explained the Code section to him and that he did not wish any further explanation of same made by the Court.
“The Petitioner claims he pleaded guilty and gave oral testimony without being first given an oath. The Court finds that the defendant was placed under oath by the Court Reporter before his guilty plea was taken.”
The trial court’s order succinctly states the reasons why Young’s Rule 20 petition was denied.
The principal allegations of error in Young’s Rule 20 petition are as follows:
I
Young asserts that he was entitled to a presentence report before sentence was imposed on him after his plea of guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973) set out the rights that a defendant must be informed of and the information that must be conveyed to a defendant before the court accepts a guilty plea. The trial court’s sentencing order stated that the defendant had been informed of all of his constitutional rights before his guilty plea was accepted.
The trial court’s sentencing order further provided that the defendant was asked if he had anything to say as to why judgment and sentence should not be pronounced. The defendant said nothing.
The record is void of any request — either written or oral — by Young for a presen-tence report. Section 13A-5-5, Code of Alabama 1975, provides that “on written motion” the court shall require a presen-tence report. Thus, where Young failed to make a written motion for a presentence *1062 report, the provisions of § 13A-5-5 have not been violated and the court cannot be held in error. James v. State, 500 So.2d 474 (Ala.Cr.App.1986); Rule 3(a)(2), A.R.Crim.P.Temp. Cf. Arrington v. State, 513 So.2d 40 (Ala.Cr.App.1987). Moreover, Young has not shown that even if there had been a presentence report, the sentence would have been different.
II
Young’s allegation that he must have been placed under oath before his guilty plea was accepted by the court is without merit and has no substance. He cites § 12-21-135 and § 12-21-136, Code of Alabama 1975, as his authority. These Code sections provide that “witnesses’ testimony must be given ... on oath or affirmation.” In the instant case, Young did not testify as a witness; he withdrew his plea of not guilty and entered a plea of guilty as a result of plea bargaining. He executed an “Explanation of Rights and Plea of Guilt” form, which was also signed by the trial judge and Young’s appointed attorney.
III
Young asserts that he was neither informed by the court nor his attorney that his prior convictions could be used to enhance his sentence. Young did not raise this issue in the trial court; hence, there is nothing before this court for review.
IV
Young alleges that he was denied effective assistance of counsel. He states that his counsel did not inform him of his right to a presentence report.
Young has not shown that he was prejudiced by not having a presentence report, James, supra, and the lack of a presen-tence report is not prejudicial error. Arrington, supra. Cf. Young v. State, 472 So.2d 1139 (Ala.Cr.App.1985).
Young asserts that he was not informed of the elements of the crime of promoting prison contraband in the second degree by his attorney. Thus, he argues, he was denied effective assistance of counsel.
We are of the opinion that Young was aware of the elements of the crime. The indictment charged that Young was a person confined in the Bullock County Correctional Facility and that he “did intentionally and unlawfully make, obtain or possess a narcotic, dangerous drug or other controlled substance, to-wit: Marijuana.” Even though Young waived the reading of the indictment, he was charged with knowledge of its contents. Moreover, he executed a form stating that he understood the charge of promoting prison contraband in the second degree. The court’s order provided that Young was advised of all of his constitutional rights before his guilty plea was accepted. See Russell v. State, 428 So.2d 131 (Ala.1982); Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).
We conclude that Young has not been denied effective assistance of counsel within the purview of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of this court.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.