The appellant, Anthony White, filed a Rule 32, Ala. R.Crim. P., petition, attacking his guilty-plea conviction for murder and his sentence of life imprisonment.[1]
In his Rule 32 petition, White argued that his guilty plea was involuntarily entered. Specifically, he claimed (1) that he was not advised of the mandatory sentencing provision of §13A-5-6(a)(4), Ala. Code 1975, which requires a minimum sentence of 20 years' imprisonment when a firearm or deadly weapon is used in the commission of the offense; (2) that he would have been acquitted had his case been tried because, he says, he "was suffering from a metal disease or defect at the time of the offense"; (3) that his rights were not explained to him and that he therefore did not understand them; and (4) that his attorney did not fully investigate his case. White also filed a "motion for resentencing" in which he sought to have his sentence reduced to 20 years' imprisonment. Without requiring a response from the State, the trial court summarily denied White's petition.
This Court has reviewed both the transcript of White's guilty plea proceedings and the explanation-of-rights form that are contained in the record of his direct appeal.[2] The transcript and the form reveal that White was fully advised of his rights as required by Rule 14.4(a), Ala. R.Crim. P., and that he indicated to the trial court that he understood those rights. Additionally, nothing in the record or in White's Rule 32 petition supports his claim that his trial counsel did not adequately investigate his case. *Page 1290 
However, the transcript does show that the trial court incorrectly advised White that the minimum possible sentence he could face was 15 years' imprisonment. Because White used a deadly weapon — a metal pipe — in the commission of this crime, the minimum sentence he was eligible to receive was 20 years' imprisonment.[3] § 13A-5-6(a)(4), Ala. R.Crim. P.
The law in Alabama is clear that the trial court's failure to correctly advise a defendant of the minimum and maximum sentences before accepting his guilty plea renders that guilty plea involuntary. In Ex parte Rivers, 597 So.2d 1308 (Ala. 1991), as in the present case, the appellant was not advised, before he entered his guilty plea, of the minimum possible sentence. CitingCarter v. State, 291 Ala. 83, 277 So.2d 896 (1973), the Alabama Supreme Court reversed Rivers's conviction.
 "Carter v. State notes that subsequent to the United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969), it became established that the defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea. Carter v. State, citing Jones v. State, 48 Ala.App. 32, 261 So.2d 451 (1972); Spidell v. State, 48 Ala.App. 24, 261 So.2d 443 (1972); People v. Ingeneri, 7 Ill.App.3d 809, 288 N.E.2d 550 (1972); People v. Buck, 7 Ill.App.3d 758, 288 N.E.2d 548 (1972); Cooper v. State, 47 Ala.App. 178, 252 So.2d 104
(1971), cert. denied, 287 Ala. 728, 252 So.2d 108
(1971). `Boykin stands for the proposition that a defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his guilty plea.' Coleman v. Alabama, 827 F.2d 1469, 1473 (11th. Cir. 1987)."
Rivers, 597 So.2d at 1309.
Accordingly, the trial court's denial of White's Rule 32 petition is reversed, and this matter is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] This Court dismissed White's direct appeal on the basis that he had failed to preserve his right to appeal.
[2] This Court may take judicial notice of its own records. Exparte Salter, 520 So.2d 213, 216 (Ala.Crim.App. 1987).
[3] Under the definition in § 13A-1-2(11), Ala. Code 1975, a metal pipe is considered a deadly weapon.
 *Page 201