**REL: 10/31/2014**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

————————————

## 1131282

————————————

**Ex parte Stanford Pritchett**

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CRIMINAL APPEALS

(In re: Stanford Pritchett

v.

State of Alabama)

(Marengo Circuit Court, CC-7-112;
Court of Criminal Appeals, CR-13-0438)

STUART, Justice.

1131282

WRIT DENIED. NO OPINION.

Bolin, Parker, Shaw, Wise, and Bryan, JJ., concur.

Moore, C.J., dissents.

Main, J., recuses himself.*

_____

*Justice Main was a member of the Court of Criminal Appeals when that court considered an earlier appeal in this case.

2

1131282

MOORE, Chief Justice (dissenting).

The trial court in this case denied Stanford Pritchett's motion to withdraw his guilty plea. Because, in my view, the Court of Criminal Appeals' unpublished memorandum affirming the trial court's judgment, Pritchett v. State (No. CR-13-0438, June 6, 2014), ___ So. 3d ___ (Ala. Crim. App. 2014) (table), conflicts with the Alabama Rules of Criminal Procedure and with our precedent on the requirements for a guilty-plea colloquy, I respectfully dissent from the denial of Pritchett's petition for a writ of certiorari.

## Facts

Pritchett was charged with murder made capital because it was committed by shooting into a vehicle; he pleaded guilty to a lesser-included charge of murder and agreed to a negotiated sentence of 23 years. During his plea hearing the trial judge did not mention or review the explanation-of-rights form with Pritchett or ask if he understood the rights he was waiving by pleading guilty (except for the right to appeal). The trial judge also did not review with Pritchett the maximum sentence or minimum sentence for the crime to which he was pleading guilty. The "Request for Guilty Plea" form Pritchett submitted

3

1131282

listed the sentencing range for the offense of murder as being from 10 to 99 years' imprisonment or life imprisonment. In fact, the range was 20 to 99 years' imprisonment because of an applicable firearm enhancement. § 13A-5-6(a)(4), Ala. Code 1975.

Acting pro se, Pritchett moved to withdraw his guilty plea. The trial court denied his motion. The Court of Criminal Appeals affirmed its denial by an unpublished memorandum. Pritchett v. State (No. CR-09-1050, Dec. 3, 2010), 92 So. 3d 816 (Ala. Crim. App. 2010) (table). This Court reversed the Court of Criminal Appeals' judgment on the ground that Pritchett was not represented by counsel in the proceedings on his motion for withdrawal of the plea. Ex parte Pritchett, 117 So. 3d 356 (Ala. 2012). On remand, the trial court held a hearing during which Pritchett's counsel raised the issue of the court's failure to discuss with Pritchett the minimum/maximum sentencing range. The trial court again denied Pritchett's motion to withdraw his guilty plea. The Court of Criminal Appeals again affirmed, by unpublished memorandum, and Pritchett petitioned this Court for certiorari review.

## Discussion

Explaining its most recent affirmance of the denial of Pritchett's motion to withdraw his guilty plea, the Court of Criminal Appeals stated in its unpublished memorandum: "Pritchett filed in the circuit court a request to enter a guilty plea, which he and his attorneys signed, that clearly states the sentencing range for murder. Further, Pritchett pleaded guilty pursuant to a negotiated agreement and received the sentence upon which he agreed." Neither of these reasons is persuasive.

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 243-44 (1969). Drawing on Boykin, this Court has held that "a defendant, prior to pleading guilty, must be advised on the record of the maximum and minimum potential punishment for his crime." Carter v. State, 291 Ala. 83, 85, 277 So. 2d 896, 898 (1973) (emphasis added). Although at one time the Court of Criminal Appeals noted that the submission of "a written explanation of rights signed by appellant was more than

adequate to satisfy the requirements of <u>Boykin</u>," <u>Ireland v. State</u>, 47 Ala. App. 65, 66, 250 So. 2d 602, 603 (Ala. Crim. App. 1971), "a signed <u>Ireland</u> form is, alone, insufficient to establish the voluntariness of a plea." <u>Waddle v. State</u>, 784 So. 2d 367, 370 (Ala. Crim. App. 2000).

Effective January 1, 1991, the Alabama Supreme Court adopted the Alabama Rules of Criminal Procedure. Rule 14.4 of those Rules reads as follows, in pertinent part:

> "In all other cases [i.e., cases other than minor-misdemeanor cases], except where the defendant is a corporation or an association, <u>the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court</u> for the purposes of:
>
> "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, <u>by informing the defendant of and determining that the defendant understands</u>:
>
> "(i) The nature of the charge and the material elements of the offense to which the plea is offered;
>
> "(ii) <u>The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions</u> ...."

Rule 14.4(a), Ala. R. Crim. P. (emphasis added).

> "The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has

> had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or Form C-44A, as the case may be."

Rule 14.4(d), Ala. R. Crim. P.

The trial court, though it engaged in a colloquy with Pritchett, did not discuss with him the maximum and minimum penalties for the crime of murder, nor did it mention or discuss the CR-51 (Ireland) form that is used in non-habitual-offender felony cases.[1] The "Request for Guilty Plea" form introduced at the hearing on Pritchett's motion to withdraw his guilty plea, and cited by the Court of Criminal Appeals, is not one of the forms identified in Rule 14.4(d), Ala. R. Crim. P., as acceptable for use in conjunction with a guilty-plea colloquy. In any event, that form contained incorrect information and thus misinformed Pritchett that he faced a minimum sentence of 10 years if convicted, rather than a minimum sentence of 20 years.

For a defendant's decision to plead guilty to be intelligent and voluntary, the defendant must know the correct

---

[1]The CR-51 form introduced into evidence at the hearing on Pritchett's motion to withdraw his guilty plea was a blank form with no particularized information written on it and no signatures. According to the Court of Criminal Appeals, the record of Pritchett's previous appeal contains an Ireland form indicating that the minimum sentence for murder is 10 years.

minimum sentence he or she will face by pleading guilty. "When an accused who pleads guilty does so on the basis of misinformation as to the range of punishment the guilty plea is involuntary." Handley v. State, 686 So. 2d 540, 541 (Ala. Crim. App. 1996). Furthermore, the trial judge did not personally address Pritchett regarding either the "Request for Guilty Plea" form or Form CR-51 as Rule 14.4(d) requires. The Committee Comments to Rule 14.4 state:

> "Section (d) is included to accommodate the current Alabama practice of informing the defendant of his rights through a form similar to that approved in Ireland v. State, 47 Ala. App. 65, 250 So. 2d 602 (1971), and subsequent cases. The rule, however, specifically retains the requirement that the trial judge ... specifically question the defendant concerning the information contained in each item. Thus, in every case, the record should affirmatively show a colloquy between the trial judge and the defendant concerning all such matters. ... This rule requires such a colloquy and requires that specific inquiry be made with regard to the rights set out in Rule 14.4(a)(1) and (2)."

(Emphasis added.)

The Court of Criminal Appeals' holding in its unpublished memorandum in this case that the "Request for Guilty Plea" form, standing alone, satisfied the requirement that the plea be voluntary was negated as long ago as 1973 in Carter. Rule 14.4, in effect since 1991, embodies the principle that

8

without a colloquy to review a true <u>Ireland</u> form stating all the rights the defendant is forgoing by pleading guilty, a guilty plea is not voluntary. Furthermore, the unsupported statement of the Court of Criminal Appeals that the trial court did not have to inform Pritchett of the minimum and maximum sentences because he had agreed to a negotiated plea finds no recognition in the Alabama Rules of Criminal Procedure or in prior cases. Surely the information that the minimum sentence, if the defendant is found guilty, is 20 years, as opposed to 10 years, is necessary for a defendant to make a knowing and intelligent decision either to plead guilty or to go to trial.[2]

Recently the Court of Criminal Appeals recognized this principle in a case Pritchett cites frequently in his petition for certiorari review. See <u>Williams v. State</u>, [Ms. CR-13-0436, May 2, 2014] ___ So. 3d ___ (Ala. Crim. App. 2014) (holding

_____

[2]The Court of Criminal Appeals also argued that Pritchett did not object to the trial court's failure to inform him of the firearm enhancement. This objection, however, is included in Pritchett's objection to the failure to inform him of the correct sentencing range. See <u>Anderson v. State</u>, 668 So. 2d 159, 159 (Ala. Crim. App. 1995) (equating a failure to inform a defendant of a sentencing enhancement with a failure to inform him of "the correct minimum and maximum possible sentences he could receive").

1131282

that a guilty plea was involuntary where the defendant was not informed that a firearm enhancement would increase the minimum sentence by 10 years). Because informing Pritchett of the maximum and minimum possible sentences was "an absolute constitutional prerequisite to acceptance of a guilty plea," Carter, 291 Ala. at 85, 277 So. 2d at 897, I believe Pritchett's petition has merit. "The law in Alabama is clear that the trial court's failure to correctly advise a defendant of the minimum and maximum sentences before accepting his guilty plea renders that guilty plea involuntary." White v. State, 888 So. 2d 1288, 1290 (Ala. Crim. App. 2004). That the sentence imposed (23 years) was within the legal range does not control. "It does not matter that his sentence was legal. 'The accused's right to know the possible sentence he faces is absolute.'" Bozeman v. State, 686 So. 2d 556, 559 (Ala. Crim. App. 1996) (quoting Henry v. State, 639 So. 2d 583, 584 (Ala. Crim. App. 1994)).

Conclusion

I would grant Pritchett's petition for a writ of certiorari (1) to examine the apparent conflict between the Court of Criminal Appeals' decision in this case and prior

10

1131282

decisions and (2) to maintain uniformity in our cases applying Rule 14.4.