Randall Mark Hopper was charged in a six-count indictment with receiving stolen property in the first degree in violation of §13A-8-17, Code of Alabama 1975, and on six counts of receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975.
The appellant's trial was set for February 8, 1982. After a jury was impaneled on that date, the appellant withdrew his plea of not guilty and pled guilty to each of the twelve charges. On March 19, 1982, the trial judge sentenced the appellant to two years in the penitentiary in each of the twelve cases. The trial judge did not order the sentences to run concurrently and, therefore, the appellant must serve them consecutively.
 I
The sole issue in this case is whether the trial judge, when accepting appellant's guilty plea, should have informed appellant that his sentences could run consecutively rather than concurrently. The appellant contends that the failure of the trial judge to inform him of the above fact rendered his guilty plea involuntary.
A plea of guilty must be voluntarily and intelligently made. To satisfy the constitutional requirements of due process, a defendant must be informed of and fully understand the consequences of his guilty plea. Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed. 274 (1969). A defendant cannot surrender his constitutional rights unless he is aware of them and voluntarily waives them. Sheehan v. State, Ala.Cr.App.,411 So.2d 824 (1981).
This court, however, is of the opinion that there is nothing in the federal or state constitutions which suggest that a defendant has a right to receive concurrent sentences for multiple offenses. In Alabama, all sentences are to run consecutively unless the trial judge specifically states that they are to run concurrently. § 14-3-38, Code of Alabama 1975. The trial judge has the broad discretion to order concurrent sentences but a defendant does not have a right to receive such concurrent sentences. Sheehan, supra.
Defense counsel argues that it should not be assumed that the appellant understood the sentences might run consecutively. We are unwilling to accept this claim of ignorance. "The most basic logic and reflection make it apparent that separate offenses merit separate punishments." Sheehan, supra.
In the instant case, the trial judge read all twelve of the indictments to the appellant and explained the sentences he could receive in each case and the appellant pled guilty to each chargeseparately. The mere fact that all of appellant's crimes were of a similar nature does not change the fact that they were separate offenses, and it should have been obvious to the appellant that he could be tried and receive separate sentences for each of those crimes.
"Expectation of a lighter sentence or a disappointed hope for a lesser sentence is not enough (to allow the defendant to withdraw his plea or hold such involuntary)." Sheehan, supra. The fact that the trial judge failed to inform the appellant of the possibilities of consecutive sentences does not vitiate the voluntariness of his guilty plea. Sheehan, supra. This court is of the opinion that the appellant voluntarily and intelligently pled guilty to each charge after having been fully informed by the trial judge of his constitutional rights.
Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 855