Steve Lamar Raines was convicted of extortion in the first degree, in violation of § 13A-8-14, Code of Alabama (1975). He was sentenced to life imprisonment pursuant to the Habitual Felony Offender Act, based upon three prior convictions. The appellant filed a post-judgment motion to set aside or to amend his sentence. Following a hearing thereon, the trial judge concluded that two of the prior Georgia convictions could not be used to enhance appellant's sentence. However, the judge determined that a prior Georgia conviction for interference with government property could be used for sentence enhancement, as it was similar to the Alabama felony offense of injury to or destruction of state property, etc., by a convict or prisoner. See § 14-11-10, Code of Alabama (1975). The appellant was sentenced to fifteen years and ordered to pay restitution in the amount of $4,000.00. *Page 531 
 I.
The appellant contends that the trial court improperly applied the prior Georgia conviction for sentence enhancement purposes, because, he argues, the "criminal act revealed by the Georgia records of conviction would not have constituted a misdemeanor or a felony in Alabama under the requirements of § 14-11-10."
Pursuant to Rule 6(b)(3)(iv), Alabama Temporary Rules of Criminal Procedure, "[a]ny conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980."
The Georgia indictment under which the appellant was convicted of criminal interference with government property reads in pertinent part as follows:
 "Steven L. Raines did on the 7th day of March in the year [1978] in the county aforesaid, . . . unlawfully destroy, damage and deface certain government property, to-wit: The Dade County Common Jail, property of Dade County, Georgia, by sawing through the bars on the window and breaking a window contrary to the laws of said State . . ."
The Georgia statute upon which the indictment was based reads in pertinent part as follows:
 "(a) A person commits the offense of interference with government property when he destroys, damages, or defaces government property and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years." Ga. Code Ann. § 16-7-24 (1982).
The Alabama statute determined to be similar to the Georgia statute of interference with government property is § 14-11-10,Code of Alabama (1975); it is entitled "Injury to or destruction of state property, etc., by convict or prisoner," and it reads as follows:
 "Any convict or prisoner who willfully or maliciously injures or destroys any building or property belonging to the state or any agency or instrumentality thereof of value in excess of $25.00 is guilty of a felony and, upon conviction, shall be imprisoned in the penitentiary for not less than one nor more than five years."
The appellant argues that the elements of the statute differ to such an extent that the commission of one could not be said to equate to the commission of the other; therefore, he argues, it would not fall under the purview of Rule 6(b)(3)(iv), Alabama Temporary Rules of Criminal Procedure.
It appeared from the indictment that the appellant was a prisoner or convict at the time of the offense, and that the offense resulted in damage in excess of $25.00 in value, in which case the Georgia conviction would have properly been applied for sentence enhancement purposes. However this Court cannot base its opinions on appearances that are not substantiated by the record. There is insufficient information in the record from which this Court can determine if the conduct forming the basis of appellant's conviction in Georgia would likewise establish a felony conviction under the present laws of Alabama.
Therefore, this case is remanded for the trial court to make findings as to whether the conduct made the basis of the Georgia conviction would constitute a felony under Alabama's present Code, and to resentence the appellant according to those findings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 ON RETURN TO REMAND