The appellant, Crayman Henry, pleaded guilty to the unlawful distribution of a controlled substance. § 13A-12-211, Code of Alabama 1975. He was sentenced to 20 years in prison.
The appellant contends that his guilty plea was meaningless because he says he was misinformed about the minimum and maximum sentences he might receive as a result of pleading guilty. The appellant was advised that the minimum sentence he could receive was 15 years in prison. Unlawful distribution of a controlled substance is a Class B felony, which is punishable by a minimum of two years in prison. In this case the sentence was subject to enhancement under the Habitual Felony Offender Act because the appellant had two prior felony convictions. Under § 13A-5-9(b)(2), the appellant would face a minimum sentence of 15 years. § 13A-5-9(b)(2), Code of Alabama 1975. Further, the appellant also faced an additional five years enhancement because the sale occurred within three miles of a school. § 13A-12-250. The appellant therefore faced a minimum sentence of 20 years in prison. There is no question that the appellant was misinformed of the correct minimum sentence he could receive by pleading guilty.
Initially, we observe that this issue was carefully preserved for our review by timely objections in the trial court and also by a motion to withdraw the guilty plea. Cantu v. State, Ms. 1920426, 1993 WL 408191 (October 15, 1993).
The appellant correctly asserts that the judgment must be reversed because the court violated Rule 14.4, A.R.Crim.P., which states, in part:
 "[T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
". . . . *Page 584 
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions. . . ."
The committee comments to the above rule specifically refer to the enhancement provision of § 13A-12-250, Code of Alabama 1975. There is no question that the appellant should have been informed of the enhanced sentence he was to receive under §13A-12-250.
The state contends that any error here was harmless because, it argues, the sentence the appellant received was within the limits stated by the court, even though the court was incorrect as to the minimum sentence. This does not alter the fact that the law was violated. The accused's right to know the possible sentence he faces is absolute. His decision to plead guilty was made while he was laboring under the misapprehension that he could receive a lighter sentence than was allowable under the law. The decision to plead guilty was therefore not made knowingly and voluntarily.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969), mandates that a guilty plea be voluntarily and intelligently entered.
 "Subsequent to Boykin, supra, it has become established that the defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea."
Carter v. State, 291 Ala. 83, 277 So.2d 896, 898 (1973).
The judgment must be reversed and the cause remanded to the Circuit Court for Etowah County. That court is directed to allow the appellant to withdraw his guilty plea, and if the appellant so wishes, to enter another plea after he has been fully apprised of the correct range of sentence or to allow other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur. *Page 585 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 586 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 587 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 588 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 589 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 590 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 591 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 592 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 593 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 594 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 949