The state appeals from the trial court's granting of Henry Anderson's motion to dismiss. Anderson was charged with sexual abuse in the first degree, a violation of § 13A-6-66, Code of Alabama 1975. Anderson moved to dismiss, contending that the state had failed to provide him with a "prompt and speedy trial." After a hearing, the court granted Anderson's motion, stating:
 "This case is dismissed due to the failure of the State of Alabama to diligently prosecute this case which has resulted in a substantial and unjustifiable prejudice to the rights of the defendant."
The state contends that Anderson was not denied his constitutional right to a speedy trial, as guaranteed in theSixth Amendment of the United States Constitution.
We have compiled in chronological order the following facts from the record:
May 21, 1992 Warrant issued for Anderson's arrest
September 8, 1992 Anderson indicted
September 22, 1992 Anderson filed general discovery motion
November 5, 1992 State filed motion for blood test *Page 1063 
November 16, 1992 Original trial date; trial continued to January 11, 1993
November 20, 1992 Court ordered blood test
January 6, 1993 Trial continued to February 1 to obtain results of DNA testing
January 11, 1993 Second trial date
February 1, 1993 Third trial date
February 8, 1993 Trial continued to March 1
February 24, 1993 Trial continued to April 19
March 1, 1993 Fourth trial date
April 13, 1993 State filed motion to continue to allow completion of DNA testing
April 14, 1993 Trial continued to May 24; the following statement appears on the docket sheet: "This case is continued for the last time to May 24, 1993. . . . The State was informed that failure to obtain the DNA testing results by that time will result in a dismissal of the case."
April 19, 1993 Fifth trial date
May 19, 1993 State filed motion to continue or, in the alternative, to set case for trial
May 21, 1993 Anderson filed motion to dismiss
May 24, 1993 Sixth trial date; hearing on appellee's motion to dismiss
June 16, 1993 Case dismissed
The United States Supreme Court has set out four factors that must be weighed in determining whether an accused was denied his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the degree of prejudice suffered by the accused due to the delay.Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101
(1972).
When considering the length of the delay, we measure the time from the date that the arrest warrant was issued.State v. Woods, 600 So.2d 425 (Ala.Cr.App. 1992). The arrest warrant was issued in this case on May 21, 1992, and the case was dismissed June 16, 1993, approximately 13 months later.
 "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.[31] To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.
Barker, 407 U.S. at 530-31, 92 S.Ct. at 2192.
This court has held that delays of more than 13 months were not presumptively prejudicial. See Vo v. State, 612 So.2d 1323
(Ala.Cr.App. 1992) (15-month delay not presumptively prejudicial); Kelley v. State, 568 So.2d 405 (Ala.Cr.App. 1990) (15-month delay not presumptively prejudicial); Arnett v.State, 551 So.2d 1158 (Ala.Cr.App. 1989) (20-month delay not presumptively prejudicial); Dykes v. State, 452 So.2d 1377
(Ala.Cr.App. 1984) (15-month delay not presumptively prejudicial). Although the 13-month delay in this case was not presumptively prejudicial, we are compelled, because the trial court dismissed the charges, to look at the remaining Barker
factors.
The delays in this case were caused by difficulty in obtaining the DNA test results. It appears that the district attorney's office did not specifically request that the forensic lab perform DNA testing until January 1993. The court, however, was under the impression that DNA testing was ordered in November 1992. When samples were sent to Mobile in January 1993 for DNA testing, they were not sufficient to test and more samples were then needed. The delays in the DNA testing were caused by backlogs at the lab and by miscommunications and misunderstandings between the district attorney's office and the lab. The delays in large part were caused by the actions, or inaction, of the district attorney's office.
Intentional delays by the state weigh more heavily against the state than delays caused by the state's negligence.Barker. Here, there did not appear to be a deliberate attempt by the district attorney's office to delay the trial; nevertheless, the delays were largely attributable to the mistakes of the district attorney's office. The district attorney's office was given a deadline by the court to obtain the DNA test results and the results were not available on thatdate. Although the delays were not intentional, *Page 1064 
the reason for the delay weighs heavily against the state.
Anderson did not assert his right to a speedy trial until May 21, 1993, when he filed a motion to dismiss. "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right."Barker, 407 U.S. at 531-32, 92 S.Ct. at 2192-93. The fact that Anderson did not assert his right until so late in this case weighs against him.
There was also no showing that Anderson was prejudiced by the delays in this case.
 "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."
Barker, 407 U.S. at 532, 92 S.Ct. at 2193. (Footnote omitted.)
In this case, Anderson was not incarcerated while he awaited the results of the DNA testing. Furthermore, it appears that there was an agreement between the state and Anderson to the effect that if the DNA test results indicated that Anderson had not committed the offense for which he was charged, the state would drop the case, and if the results indicated that Anderson had committed the offense, he would plead guilty. Therefore, Anderson could not have been prejudiced and his defense thereby impaired because he had not planned to offer a defense.
When the Barker factors are weighed, and the trial court was obligated to weigh those factors, it does not appear that Anderson was denied his constitutional right to a speedy trial. The court erred in dismissing the state's prosecution of Anderson.
For the reasons stated above, the court's dismissal of this case is reversed and the case remanded to the Circuit Court for Lauderdale County.
REVERSED AND REMANDED.
All the Judges concur.
[31] "For example, the First Circuit thought a delay of nine months overly long, absent a good reason, in a case that depended on eyewitness testimony. United States v. Butler, 426 F.2d 1275,1277 (1970)."