The appellant, Calvin D. Johnson, pleaded guilty to arson in the second degree, a violation of § 13A-7-42, Code of Alabama 1975. He was sentenced to life imprisonment pursuant to the Alabama Habitual Felony Offenders Act.
The appellant raises the following issues on appeal. He claims that the trial court erred in not suppressing evidence of his confessions, and in denying his motion to withdraw his guilty plea. He also argues that he was denied his right to a speedy trial.
As a general rule, a guilty plea made voluntarily and knowingly waives all nonjurisdictional defects in the prior proceedings. *Page 1007 German v. State, 492 So.2d 622 (Ala.Cr.App. 1985). However, this general rule does not apply when, as in this case, " 'the trial court has clearly assured the accused that he may still present a particular nonjurisdictional issue despite his guilty plea.' " 492 So.2d at 624. These issues raised by the appellant were preserved for review.
 I
The appellant first alleges that the trial court erred in denying his motion to suppress evidence of his confessions made to investigators. The record shows that on May 25, 1994, the appellant gave a written statement confessing to the crime, which he was allowed to discard because he told investigators that he had lied in it. The record also shows that on the same day he made two other statements; in both of these he confessed to committing the arson. One confession was audio-recorded, transcribed, and then signed. The other was a one-page typed confession that the appellant signed and initialed. The appellant asserts that the latter two confessions should not have been received into evidence because, he says, he had not been fully informed of his rights when he made them, and because he was coerced into confessing.
 " 'It is a well settled rule of law in Alabama that a statement made subsequent to arrest is prima facie involuntary and inadmissible at trial, and the state must demonstrate voluntariness and a Miranda [v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] predicate in order to gain admission of the statement.' "
Ex parte Johnson, 522 So.2d 234 (Ala. 1988), quoting Crowe v.State, 485 So.2d 351, 359 (Ala.Cr.App. 1984), rev'd on other grounds, 485 So.2d 373 (Ala. 1985). "For a confession to be admissible, the state must present evidence that the defendant was informed of his Miranda rights and that the confession was voluntarily given." Mann v. State, 581 So.2d 22, 23
(Ala.Cr.App. 1991).
The evidence tends to show that the appellant, who was 24 when he made the statements, was given a "juvenile rights" form explaining his rights, which he was instructed to read and sign before he was questioned. This form contained all the rights found in the standard "adult rights" form and also contained the additional right of a juvenile to see his or her parents. Rule 11, Ala.R.Juv.P. The appellant asserts that when he was questioned, he was not told of this additional right and that, therefore, he was not adequately advised of his rights. Upon reviewing the form the appellant signed, we conclude that it contains all the required Miranda warnings. In addition, when the appellant gave the recorded statement in which he confessed, he was again read his Miranda rights before beginning his statement. The appellant was not a juvenile; thus it was not necessary for him to be afforded or informed of the additional right accorded to juveniles.
The appellant also asserts that he was coerced into confessing. The record shows that in the audio-recorded statement the appellant indicated that he was giving the statement voluntarily and that no promises or threats had been made against him. Later, at the suppression hearing, the appellant testified that investigators threatened to send him to jail if he did not give a statement and told him he could go home if he did. As this court stated in Sheely v. State,629 So.2d 23 (Ala.Cr.App. 1993):
 "[A]ny conflicts in the testimony or credibility of witnesses during a suppression hearing is a matter for resolution by the trial court. Absent a gross abuse of discretion, a trial court's resolution of this conflict should not be reversed on appeal."
Sheely, 629 So.2d at 29 (citations omitted). The trial court did not err in denying appellant's motion to suppress evidence of his statements.
 II
The appellant next contends that the trial court should have allowed him to withdraw his guilty plea as provided in Rule 14.4(e), Ala.R.Crim.P., because, he argues, he was pressured into making that plea by his counsel.
 " 'The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely *Page 1008 
within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of discretion.' Ex parte Heaton, 542 So.2d 931, 933 (Ala. 1989)."
Doty v. State, 647 So.2d 41, 42 (Ala.Cr.App. 1994).
Before a guilty plea can be entered, certain conditions must be met by the trial court. First, the record must show that the appellant knowingly, intelligently, and voluntarily entered a plea of guilty. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969). In addition, Rule 14.4, Ala.R.Crim.P., requires that the trial court ensure that the defendant fully understands the guilty plea and the consequences of entering it by addressing the following issues in open court with the defendant and defendant's counsel present:
 (1) The nature of the charge and the material elements of the offense;
 (2) The mandatory minimum and maximum penalties, including any enhanced sentencing provisions;
 (3) The fact that the sentence may run consecutively to or concurrently with another sentence;
 (4) That the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or to plead both not guilty and not guilty by reason of mental disease or defect, or to plead guilty;
 (5) That the defendant has the right to remain silent and may not be compelled to testify, but may testify on his or her own behalf;
 (6) That by pleading guilty the defendant waives the right to trial by jury, the right to confront witness against him or her, the right to cross-examine witnesses, the right to testify and to present evidence on the defendant's own behalf, and the right to subpoena witnesses; and
 (7) That if the guilty plea is accepted, there will not be a further trial on the issue of the defendant's guilt.
Rule 14.4, Ala.R.Crim.P. This rule also requires that the court must be satisfied there is a factual basis for the plea. The record shows that the trial court met all of these requirements in this case. The trial court was correct in denying the appellant's motion to withdraw his guilty plea.
 III
The appellant's last assertion is that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution. See Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
 "The United States Supreme Court has set out four factors that must be weighed in determining whether an accused was denied his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the accused's assertion of his right to a speedy trial, and (4) the degree of prejudice suffered by the accused due to the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)."
State v. Anderson, 640 So.2d 1061, 1063 (Ala.Cr.App. 1994).
The first element, the length of the delay, is measured from the date the arrest warrant was issued. 640 So.2d at 1063. The appellant was arrested on August 16, 1994, and entered a plea of guilty on July 19, 1995. This was a delay of approximately 11 months. "Regarding this element of the Barker v. Wingo,407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), analysis, it is an established principle of Alabama law that a defendant is not denied a speedy trial merely because of the passage of time."Bishop v. State, 656 So.2d 398, 400 (Ala.Cr.App. 1994).
 "This court has held that delays of more than 13 months [the length of the delay in Anderson] were not presumptively prejudicial. See Vo v. State, 612 So.2d 1323 (Ala.Cr.App. 1992) (15-month delay not presumptively prejudicial); Kelley v. State, 568 So.2d 405 (Ala.Cr.App. 1990) (15-month delay not presumptively prejudicial); Arnett v. State, 551 So.2d 1158 (Ala.Cr.App. 1989) (20-month delay not presumptively prejudicial); Dykes v. State, 452 So.2d 1377 (Ala.Cr.App. 1984) (15-month delay not presumptively prejudicial)."
Anderson, 640 So.2d at 1063. Although the delay in this case was not "presumptively *Page 1009 
prejudicial," we will consider the other factors articulated inBarker.
The second element of Barker is the reason for the delay. The record shows that three continuances were granted. On January 17, 1995, the case was continued because the investigator who took the appellant's confession was unavailable to testify because he was attending the F.B.I. Academy; he would not be available until March 1995. On May 9, 1995, the case was continued because the judge and the prosecutor were involved in a capital murder case. On July 13, 1995, the case was continued because the investigator who took appellant's statement had plans to be out of town the third week of July, which is when the trial had been scheduled. All three delays were justified.
The third element of Barker is the accused's assertion of the right. The appellant asserted his right to a speedy trial through his motion to dismiss for failure to prosecute filed on May 16, 1995. The appellant entered a guilty plea on July 19, 1995, only two months after his assertion of his right to a speedy trial.
The last element of Barker is whether there was prejudice to the appellant caused by the delay. The appellant asserts that he was prejudiced because, he says, a witness who was to be subpoenaed had moved and could not be located. The record shows that the court on June 27, 1995 approved $1500 in extraordinary expenses for the appellant to hire an investigator to attempt to locate this witness. The appellant was not prejudiced by the 11-month delay.
After considering all the elements of Barker, we conclude that based on the record, the appellant's Sixth Amendment right to a speedy trial was not violated. For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.