COBB, Judge.
The appellant, Patrick Bozeman, entered guilty pleas and was found guilty on two charges of distribution of a controlled substance. For each conviction he was sentenced as a habitual felony offender with two prior felony convictions to. serve 15 years in the penitentiary. The two 15-year sentences were to be served concurrently. Additionally, each sentence was enhanced five years pursuant to the mandatory sentence enhancement provision of § 13A-12-250, Aa. Code 1975 (sale within three miles of a school). The mandatory portions of each sentence were ordered to be served consecutively, as required by law.
The State filed a motion asking the trial court to reconsider and/or amend the appellant’s sentence. The State argued in this motion that the trial court should “sentence the defendant to 10 years (consecutive five-year sentences) pursuant to § 13A-12-250 and suspend the concurrent 15-year sentences.” According to the State, “The state and the defendant felt that this was an appropriate sentence based upon the small amount of drugs involved and the defendant’s cooperation with authorities.” R. 32. After a hearing on the State’s motion, the trial court suspended each 15-year sentence, leaving only the 10-year mandatory portion of the sentence to be served.
The appellant then filed a motion to set aside his guilty plea. At the hearing on the motion the appellant alleged that his trial counsel had told him that the five-year enhancements would run concurrently and that “[his] time would be five years.” R. 7. The motion was denied. From the trial judge’s comments it appears that his denial of the appellant’s motion to withdraw his guilty plea is based on the trial judge’s belief that the appellant knew when he pleaded guilty that he had two five-year enhancements, that the appellant’s sentence is within the guidelines and is mandated by law, and that the appellant moved to withdraw his guilty plea only because he is dissatisfied with his 10-year sentence. The appellant does not dispute the truth of these beliefs on appeal. The appellant contends that his guilty pleas were involuntary because, he says, the trial court did not properly advise him under Rule 14.4, Aa.R.Crim.P.; because, he says, the state did not prove that the sale occurred within three miles of a school; and, because, he says, his counsel rendered ineffective assistance in incorrectly informing him that he would have to serve only five years in prison.
*558 Of the arguments related to Rule 14.4,[1] the only assertion with merit is the appellant’s assertion that he was not advised, pursuant to Rule 14.4,(a)(l)(iii), Ala.R.Crim. P., that the two mandatory five-year sentence enhancements would be served consecutively, so that his minimum sentence would be 10 years.
The record does not reflect any mention by the trial judge concerning options in sentencing the appellant. Neither does the record dispute that the appellant was not advised that his two five-year sentences must be served consecutively. In light of these omissions we conclude that the appellant did not fully understand the consequences of the plea.
We are aware of the caselaw which states that,
“[T]here is nothing in the federal or state constitution which suggest[s] that a defendant has a right to receive concurrent sentences for multiple offenses ...
“ ... ‘The most basic logic and reflection make it apparent that separate offenses merit separate punishments.’...
[[Image here]]
“... The fact that the trial judge failed to inform the appellant of the possibilities of consecutive sentences does not vitiate the voluntariness of his guilty plea.”
Hopper v. State, 420 So.2d 853, 854 (Ala.Cr.App.1982); see also Alston v. State, 455 So.2d 264 (Ala.Cr.App.1984); Sheehan v. State, 411 So.2d 824 (Ala.Cr.App.1981). However, these decisions predate and conflict with Rule 14.4(a)(l)(iii), Ala.R.Crim.P., which was effective January 1, 1991. Rule 14.4(a)(l)(iii), requires that the trial court address a defendant in person to ascertain that the defendant understands the consequences of the plea, including, “[i]f applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences.” The committee comments to Rule 14.4(a)(l)(iii), Ala.R.Crim.P., state:
“Sub-subsection (hi), requiring that the trial judge inform the defendant that the sentence may run concurrently or consecutively with another sentence, is included to insure that the defendant is aware of the additional consequences of his guilty plea. See Cooper v. State, 47 Ala.App. 178, 252 So.2d 104 (1971). Compare ABA Standards for Criminal Justice, Pleas of Guilty 14-1.4 (2d ed. 1986).... The Advisory Committee believes that, in light of the Boykin requirement that the trial judge ‘make sure that [the defendant] has a full understanding of what the plea connotes and of its consequence,’ the better practice is routine disclosure of such information.”
The appellant’s allegations that there was no discussion concerning whether his sentences would be served consecutively or concurrently and that he was misinformed that he would have to serve only five years total on the mandatory sentences is not disputed by the record. The trial judge’s colloquy with the appellant omitted the information whether the sentences could run concurrently or consecutively with another sentence. At the hearing on the motion to withdraw the guilty plea the trial judge stated that he found it hard to believe that the appellant’s trial attorney did not advise the appellant that he would have to serve the two five-year sentences consecu *559 tively. However, the trial court never stated that the appellant was in fact informed concerning consecutive and concurrent sentences. The Ireland forms executed by the appellant do not assure that he was informed that multiple sentences may, depending on the circumstances, be carried out concurrently or consecutively. An Ireland form seeks only an acknowledgment from a defendant that the defendant understands the penalty or penalties involved in pleading guilty. It is possible that a defendant who understands the penalties involved may not understand the options available to a trial judge or the restriction placed on a trial judge in implementing multiple sentences.[2] Even though Rule 14.4(a)(l)(iii) contradicts easelaw decided prior to its effective date, we feel that the rationale behind this Rule, which is to ensure that “‘[the defendant] has a full understanding of what the plea connotes and of its consequence,’ ” is to ensure that a guilty plea is knowingly and voluntarily entered as mandated by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Committee Comments to Rule 14.4(a)(l)(iii). A defendant sentenced to multiple terms should be advised whether the trial judge has the discretion to order the sentences to be served consecutively or concurrently, or whether the law dictates consecutive sentences. We are not saying that a defendant has to be advised during the guilty plea colloquy how a trial judge will exercise any discretion, only that the defendant should be advised whether the trial court has any discretion in whether the sentences should be served consecutively or concurrently. Additionally, in order for us to affirm the judgment in this case, the record should have disclosed that the appellant was in fact advised that the mandatory portion of his sentences, i.e., the enhancement part, must be served consecutively. As the record stands, the appellant’s claim that he was misinformed of the consequences of pleading guilty is undisputed. It does not matter that his sentence was legal. “The accused’s right to know the possible sentence he faces is absolute.” Henry v. State, 639 So.2d 583, 584 (Ala.Cr.App.1994).
Therefore, even though the record from the guilty plea colloquy and Ireland form reflects that the appellant understood that he had two separate charges pending against him; that the trial court correctly explained the possible range of sentence for each conviction; that the appellant understood that a conviction for a sale occurring within three miles of a school would be enhanced by an additional five years, the record does not reflect that the appellant was advised that the enhancement portions of his sentences must be served consecutively. Therefore, we cannot conclude that the appellant’s plea was voluntarily and knowingly entered. “[The appellant’s] decision to plead guilty was made while he was laboring under the misapprehension that he could receive a lighter sentence than was allowable under the law. The decision to plead guilty was therefore not made knowingly and voluntarily.” Henry v. State, 639 So.2d 583, 584 (Ala.Cr.App.1994). The trial court’s denial of the appellant’s motion to withdraw his plea was error. The judgment must be reversed and the case remanded; the trial court is instructed to grant the appellant’s motion to withdraw his guilty plea.
We will not evaluate the soundness of the appellant’s judgment in challenging the voluntariness of his guilty plea on appeal. As a result of his guilty plea and the State’s motion for a reduction of sentence, the appellant received the minimum possible sentence at trial. If § 13A-12-250 applies to two cases (see discussion below) neither a trial court nor a jury can impose a shorter sentence than the trial court did after accepting *560 the appellant’s plea. However, a defendant is subject to receiving a greater sentence if he goes to trial after a successful appeal challenging his guilty plea. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); Raines v. State, 562 So.2d 530 (Ala.Cr.App.1990).
Although the judgment of the trial court is reversed and the case is remanded for the reasons stated above, we note that the State correctly conceded that this cause was due to be remanded for resentencing because no proof was offered that the crime was committed within three miles of a school. We point this out only to ensure that the State will offer proof of the distance between the school and the sale if the appellant is subsequently convicted and sentenced. Cunny v. State, 629 So.2d 693 (Ala.Cr.App.1993). Because we are reversing the judgment of the trial court, we need not address the other issues presented on appeal.
For the reasons stated above, the judgment of the circuit court denying the appellant’s motion to withdraw his guilty plea is reversed and this cause is remanded to the circuit court. The circuit court is directed to allow the appellant.to withdraw his guilty plea.
REVERSED AND REMANDED.
All the Judges concur.

. "Rule 14.4(a) requires a full colloquy to ensure that the defendant fully understands the meaning of his plea and its consequences. Committee Comments, Rule 14.4. The trial court may comply with Rule 14.4(a) by using a form similar to that approved in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), and now found in the appendix to the Alabama Rules of Criminal Procedure, provided that the trial court specifically questions the defendant on the record as to each item in the form. Committee Comments, Rule 14.4.”
Alford v. State, 651 So.2d 1109, 1112 (Ala.Cr.App.1994); Trice v. State, 601 So.2d 180, 184 (Ala.Cr.App.1992) (“our Supreme Court held that an Ireland form executed by the defendant and acknowledged by defense counsel and the trial judge may establish that a guilty plea was voluntarily and intelligently made, 'provided there is other evidence in the record supporting that fact’ "). The appellant was sufficiently advised of the other requirements of Rule 14.4 during the guilty plea colloquy between the appellant an the trial judge and by the validly executed Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), forms ("Explanation of Rights and Plea of Guilty" forms for cases CC-95-2050 and CC-95-2051. C.R. 27-28, and C.R. 29-30), to ensure that the appellant was voluntarily and knowingly surrendering these rights.

. “Where separate sentences are imposed on a defendant for two or more offenses, the sentences are to run consecutively unless the sentencing judge specifically provides otherwise.... 'The question of whether a sentence for conviction of a crime is to be consecutive or concurrent is within the sound discretion of the trial judge_McLemore v. State, 562 So.2d 639 (Ala.Cr.App.1989) (citations omitted); See § 14-3-38(a), Ala.Code 1975. However, “[t]he legislative intent is that the five-year penalties [under § 13A-12-250 and § 13A-12-270] shall not run concurrently with each other or any other sentence imposed. The enhancement terms provided for by these statutes must be 'added to' any other penalty pronounced by the court.” Fletcher v. State, 675 So.2d 55 (Ala.Cr.App.1995), cert. denied, 675 So.2d 58 (Ala.1996).