McMILLAN, Judge.
The appellant, Leslie Orrin Blankenship, appeals from his conviction entered on this guilty plea to murder, a violation of § 13A-6-2, Ala.Code 1975. He was sentenced to life imprisonment.
The appellant argues that his guilty plea was involuntary because, he says, he was incompetent at the time he entered the plea. In support of his argument, the appellant states that the initial report of the Department of Mental Health and Mental Retardation said that he was incompetent to stand trial. He argues that on the basis of a second report by the Department of Mental Health and Mental Retardation indicating that he was competent to stand trial, the trial court allowed him to enter a guilty plea, without conducting a hearing on the issue of his competency or finding that he was competent to stand trial, as required by Rule 11.6(g) and 11.7(c), Ala.R.Crim.P. There is no evidence in the record that a hearing was held on the issue of the appellant’s competency or that the appellant entered a stipulation as to his competency.
“Trial of a person who is incompetent violates the due process guarantees. Therefore, when a trial court is faced with facts that create a reasonable and bona fide doubt as to the mental competency of the defendant to stand trial, the trial court must take steps to assure that a reasonable legal determination of competency is reached. In other words, in such situations, the trial c.ourt must inquire into the defendant’s competency, generally by conducting a competency hearing.”
Ex parte Janezic, 723 So.2d 725, 728 (Ala.1997) (citations omitted). Additionally, it is well settled that, in order for a guilty plea to be valid, the trial court must determine that the plea is made voluntarily and intelligently. Therefore, before accepting the plea, a trial court is required to conduct a factual inquiry to determine if the plea is made voluntarily with an understanding of the nature of the charge and of the consequences of the plea. The record of the plea proceedings must affirmatively reflect sufficient facts from which such a determination could be made. Although the trial court’s inquiry on these matters need not follow any particular pattern, the inquiry. must be sufficient for the trial court to determine that the defendant understands the charges against him and the consequences of his plea and that the defendant’s plea is voluntary. See Trice v. State, 601 So.2d 180 (Ala.Cr.App.1992).
Here, the record is silent as to whether the trial court conducted a competency hearing or made any inquiry into the appellant’s competency at the time he entered his plea. An examination of the record reveals that the Department of Mental Health and Mental Retardation initially found that the appellant was incompetent to stand trial; thus, there was a reasonable doubt as to his competency at the time he entered his plea.
This cause is remanded to the trial court for that court to conduct a hearing on the issue of the appellant’s competency at the time he entered his plea. At the competency hearing, the burden of proof is upon the State to show that the appellant was competent at the time he entered his guilty plea. See Lackey v. State, 615 So.2d 145, 152 (Ala.Cr.App.1992) (“Once the defendant has met his burden of production by presenting evidence that he is incompetent to stand trial, the State must then prove that the defendant is competent.”). The trial court should be able to conduct a meaningful inquiry into the appellant’s competency at the time he entered his plea based upon the psychologist’s finding of competence, the trial *644 court’s observations of the appellant during the guilty plea proceedings, and the observations of the appellant’s attorneys before, during, and after the appellant entered the plea. See Ex parte Janezic, supra.
If the trial court concludes that the appellant was, if fact, competent at the time he entered his plea, it should so state in a written order containing specific findings of fact. Alternatively, if the trial court determines that the appellant was incompetent at the time he entered his plea, it should allow the appellant to withdraw his plea and transfer the appellant to the custody of the Department of Mental Health and Mental Retardation to await further proceedings as to any report of competency-
We pretermit discussion of additional issues raised by the appellant concerning an ineffective-assistance-of-trial-counsel claim until a return is made to this Court. Due return shall be made with this Court within 65 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.