FRY, Judge.
On February 26, 1997, the appellee, William David Rutland, was arrested and charged with driving under the influence of alcohol (DUI), a violation of § 32-5A-191, Ala.Code 1975. On May 22, 1997, Rutland was convicted of DUI in the Montgomery District Court and was sentenced to one year’s imprisonment in the Montgomery County jail. All but two days of Rutland’s sentence was suspended, and he was placed on probation for two years and ordered to pay $1219.00 in fines and court costs. On the same day, Rut-land appealed his conviction to Montgomery Circuit Court for a trial de novo. On December 7, 1999, Rutland moved to dismiss his DUI based on the state’s failure to provide him a speedy trial. The circuit court, after a hearing, granted Rutland’s motion to dismiss. The state appeals.
The state contends that the trial court erred in finding that Rutland was denied a speedy trial “because it failed to consider the factors set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).” (State’s brief to this Court at p. 4.)
In State v. Anderson, 640 So.2d 1061, 1063 (Ala.Cr.App.1994), this Court stated:
“The United States Supreme Court has set out four factors that must be weighed in determining whether an accused was denied his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the accused’s assertion of his right to a speedy trial, and (4) the degree of prejudice suffered by the accused due to the delay. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).”
(Emphasis added.)
The circuit court’s written order does not indicate what grounds the court relied on in granting Rutland’s motion to dismiss. (C.R.l.) During a hearing on the motion, the circuit court stated:
“William David Rutland. In case number 97-1321, he was charged with D.U.I. on 2 26 97. He was convicted in district court. When was he convicted? 5 22 97. He filed the notice of appeal within the requisite time. The case was originally set for trial. The state moved for a continuance on 5 7 98 because one of their witnesses was out and could not be brought to court. That’s the state’s witness. The case has not been set for trial since, nor has the state moved to set the case for trial. The defendant has moved for a dismissal on lack of a speedy trial. The court finds there is proper cause to grant the motion.”
(R. 4.)
Although the circuit court appeared to be persuaded by the length of the delay[1] and what it perceived as the state’s lack of zeal in bringing Rutland’s case to trial, the record is silent as to whether the circuit court weighed all the reasons for the delay; considered when Rutland asserted his right to a speedy trial; and considered what if any, prejudice Rutland suffered as a result of the delay.[2]
*713 Because the record does not reflect that the court considered all four factors under Barker, we must remand this cause to the circuit court with directions that the court make specific findings of fact regarding the four Barker factors and to, once again, determine whether dismissal was proper. The circuit court may, if necessary, hold an evidentiary hearing on this matter. If the circuit court should conclude that dismissal of this cause is proper, the circuit court should submit a written order entering specific written findings concerning the length of delay, the reasons for the delay, Rutland’s assertions of his rights, and any prejudice that Rutland may have suffered. The written findings of the circuit court and a transcript of the proceeding shall be forwarded to this Court within 35 days from the release of this opinion. If the circuit court concludes that the order of dismissal was premature, then it may reinstate the de novo appeal. If the de novo appeal is reinstated, the circuit court is directed to send this Court a copy of the order reinstating the appeal within 35 days from the release of this opinion.
REMANDED WITH DIRECTIONS.*
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

. For purposes of determining the length of delay, the circuit court should consider the date on which Rutland filed his appeal to circuit court.

. In his motion to dismiss, Rutland claims he was prejudiced by the delay because, he sa3's, he can no longer find his only witness. We note that Rutland fails to identify this individual, does not indicate what efforts he made to secure this witness for trial, and does not *713 indicate the relevance of the witness's testimony or how the lack of the witness’s testimony prejudices him.

 Note from the reporter of decisions; On August 25, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 29, 2000, that court denied rehearing, without opinion. On January 5, 2001, the Supreme Court denied certiorari review, without opinion (1000078).