COBB, Judge.
On January 11, 2002, Bobby Taylor pleaded guilty to first-degree theft of property and second-degree burglary, violations of §§ 13A-8-3(a) and 13A-7-6(a)(l), Ala.Code 1975, respectively. Taylor pleaded guilty to those charges on information, rather than indictments. Taylor’s pleas were “blind pleas” — they were entered without any agreement with the prosecution regarding a sentencing recommendation. The trial court sentenced him, as a habitual offender, to 20 years’ in prison in each case. See § 13A-5-9(b)(2), Ala.Code 1975. Those sentences were to run concurrently to each other and consecutively to a 15-year sentence Taylor had received 3 days earlier in an unrelated case. Taylor filed a “Motion to set aside [Taylor’s] guilty plea or in the alternative to resen-tence the defendant.” (C. 23-24.) Following a hearing, the trial court denied the motion. This appeal followed.
On appeal, Taylor argues that the circuit court erroneously denied his motion to set aside his guilty plea. Specifically, Taylor contends that, because the circuit court failed to specifically advise him that his sentence could be ordered to run consecutively with his other sentence, his guilty plea was entered into unknowingly.
Rule 14.4(a), Ala. R.Crim. P., provides, in relevant part:
“(a) ... In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences.”
The Committee Comments to Rule 14.4, Ala. R.Crim. P., state:
“Sub-subsection (iii), requiring that the trial judge inform the defendant that the sentence may run concurrently or consecutively with another sentence, is included to insure that the defendant is *1113 aware of the additional consequences of his guilty plea. See Cooper v. State, 47 Ala.App. 178, 252 So.2d 104 (1971). Compare ABA, Standards for Criminal Justice, Pleas of Guilty 14-1.4 (2d ed. 1986).... The Advisory Committee believes that, in light of the Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969),] requirement that the trial judge ‘make sure that [the defendant] has a full understanding of what the plea connotes and of its consequence,’ the better practice is routine disclosure of such information.”
Here, the circuit court’s colloquy with Taylor made no mention of the fact that Taylor’s sentences could run consecutively to or concurrent with the term he was sentenced to three days earlier. There is no mention of an Ireland form in the transcript of the guilty plea proceedings, and no Ireland form is included in the record. At the hearing on Taylor’s motion to withdraw his guilty plea, Taylor’s trial counsel testified that he did not make any guarantees to Taylor about what sentence he might receive. The circuit judge stated that, because he had advised Taylor of his rights in several previous cases, he found it hard to believe that Taylor did not understand his rights. However, the trial court never stated that Taylor was actually informed that his sentences could be consecutive or concurrent to each other or to any of his previous sentences.
“‘The accused’s right to know the possible sentence he faces is absolute.’ ” Bozeman v. State, 686 So.2d 556, 559 (Ala.Crim.App.1996), quoting Henry v. State, 639 So.2d 583, 584 (Ala.Crim.App.1994). Nowhere in the colloquy contained in the record before this Court on appeal does the circuit court advise Taylor that the sentences could run consecutively or concurrently to the previous sentence Taylor had received three days earlier. Therefore, because the record does not reflect that Taylor was advised that consecutive sentences might be imposed or that it might be ordered that the sentences be served consecutively, we cannot conclude that the appellant’s plea was voluntarily and knowingly entered. See Bozeman v. State, 686 So.2d 556 (Ala.Crim.App.1996) The trial court’s denial of Taylor’s motion to withdraw his plea was erroneous. The judgment of the circuit court must be reversed and the cause remanded. The circuit court is instructed to grant Taylor’s motion to withdraw his guilty plea and to conduct further proceedings.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.