WINDOM, Judge.
 

 Jeffery Hatfield challenges his guilty-plea convictions for first-degree rape, a violation of § 13A-6-61(a)(l), Ala.Code 1975, and first-degree burglary, a violation of § 13A-7-5, Ala.Code 1975, and his resulting sentences as an habitual offender to consecutive terms of life in prison.
 
 See
 
 Ala.Code 1975, § 13A-5-9(a)(3). On November 14, 2006, Hatfield filed a pro se “Motion to Withdraw the Plea of Guilty,” in which he argued, among other things, that he should be allowed to withdraw his guilty pleas because “the penalty or penalties” and “the plea of guilty” were never explained to him and because the circuit court never ascertained whether he entered a voluntary and intelligent guilty plea. (C.R. 99.) On January 8, 2007, Hatfield’s motion was deemed denied by operation of law pursuant to Rule 24.4, Ala. R.Crim. P.
 

 On appeal, Hatfield argues that his guilty plea was not knowingly and voluntarily entered. Specifically, Hatfield argues that the circuit court failed to advise him before he entered his guilty plea that his two life sentences could be ordered to run concurrently or consecutively; therefore, his plea is invalid. We agree.
 

 It is well settled that “due process requires that [a guilty] plea be a voluntary, knowing, and intelligent act ‘done with sufficient awareness of the relevant circumstances and likely consequences.’ ”
 
 Smith v. State,
 
 494 So.2d 182, 182 (Ala.Crim.App.1986) (quoting
 
 Brady v. United Stales,
 
 897 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). “In
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that before a trial court can accept a defendant’s plea of guilty, the trial court must determine that the defendant is entering the plea voluntarily.”
 
 Fleming v. Slate,
 
 972 So.2d 835, 836 (Ala.2007). Rule 14.4, Ala. R.Crim. P., requires a circuit court to “ ‘ “conduct a colloquy with the defendant before accepting a guilty plea [to ensure] that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.” ’ ”
 
 Brooks v. State,
 
 854 So.2d 643, 645 (Ala.Crim.App.2003) (quoting
 
 Jones v. State,
 
 727 So.2d 889, 891 (Ala.Crim.App.1998) (quoting in turn
 
 Heard v. State,
 
 687 So.2d 212, 213 (Ala.Crim.App.1996))).
 

 When a defendant faces multiple sentences for multiple crimes, “Rule 14.4(a)(l)(iii), requires that the trial court address a defendant in person to ascertain that the defendant understands the consequences of the plea, including, ‘... the fact
 
 *243
 
 that the sentence may run consecutively to or concurrently with [the other] sentence or sentences.’ ”
 
 [1]
 

 Bozeman v. State,
 
 686 So.2d 556, 558 (Ala.Crim.App.1996).
 
 “
 
 ‘The accused’s right to know the possible sentence he faces is absolute.’ ”
 
 Id.
 
 at 559 (quoting
 
 Henry v. State,
 
 639 So.2d 583, 584 (Ala.Crim.App.1994)).
 
 See also Taylor v. State,
 
 846 So.2d 1111, 1113 (Ala.Crim.App.2002) (same). The right to know the possible sentence one faces encompasses the right to know that the circuit court may order multiple sentences to run concurrently or consecutively.
 
 Bozeman,
 
 686 So.2d at 558-59;
 
 Taylor,
 
 846 So.2d at 1113. Thus, “[t]he record of the plea proceedings must affirmatively reflect sufficient facts” to establish that the defendant was aware that he could be ordered to serve his multiple sentences consecutively.
 
 [2]
 

 Blankenship v. State,
 
 770 So.2d 642, 643 (Ala.Crim.App.1999). Otherwise, the record will be insufficient to establish that the defendant knowingly and voluntarily pleaded guilty as required under
 
 Boykin. See Fleming v. State,
 
 972 So.2d at 836 (holding that the record must establish that a defendant’s guilty plea was knowingly and voluntarily made and that the circuit court complied with Rule 14.4, Ala. R.Crim. P.);
 
 Johnson v. State,
 
 680 So.2d 1005, 1008 (Ala.Crim.App.1996) (holding that “the record must show that the appellant knowingly, intelligently, and voluntarily entered a plea of guilty”);
 
 Bozeman,
 
 686 So.2d at 558-59 (holding that the circuit court’s failure to inform the defendant of the possibility that his sentences would run consecutively rendered the pleas invalid);
 
 Taylor,
 
 846 So.2d at 1113 (same).
 

 Although Hatfield was properly informed of the sentencing ranges that he faced for first-degree rape and first-degree burglary, the court failed to inform Hatfield that his sentences could be ordered to run consecutively as required by Rule 14.4, Ala. R.Crim. P, and this court’s holdings in
 
 Bozeman,
 
 686 So.2d at 558-59, and
 
 Taylor,
 
 846 So.2d at 1113. (R. 5-6.) Further, the record is devoid of any indication that Hatfield was aware that his sentences could run consecutively as required to enter a knowing and voluntary guilty plea.
 
 Bozeman,
 
 686 So.2d at 558-59;
 
 Taylor,
 
 846 So.2d at 1113.
 

 Because the record fails to establish that Hatfield was advised that consecutive sentences might be imposed, this court cannot conclude that Hatfield’s pleas were entered knowingly and voluntarily.
 
 Taylor,
 
 846 So.2d at 1113. Consequently, the circuit court’s denial of Hatfield’s motion to withdraw his guilty pleas must be reversed and the cause remanded for further consideration consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 . "Rule 14.4(a)[, Ala. R.Crim. P.,] requires a full colloquy to ensure that the defendant fully understands the meaning of his plea and its consequences.”
 
 Alford v. State,
 
 651 So.2d 1109, 1112 (Ala.Crim.App.1994).
 

 [2]
 

 . The circuit court is not required to inform the defendant whether his sentence will be ordered to run concurrently or consecutively; instead, it is only required to inform the defendant of the possibility of concurrent or consecutive sentences.
 
 Bozeman,
 
 686 So.2d at 559.